UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Daniel MAHAR, Defendant-Appellant (three cases).

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jimmy Millard HARRIS, Defendant-Appellant (three cases).

Nos. 74–2028, 74–2029, 74–2188, 74–2189, 75–1250 and 75–1251.

United States Court of Appeals,
Sixth Circuit.

July 25, 1975.
Certiorari Denied Dec. 8, 1975.
See 96 S.Ct. 458.

Blanchard E. Tual, J. Kimbrough Johnson, Jr., Memphis, Tenn. (Court appointed CJA), for defendants-appellants Mahar and Harris.

Thomas F. Turley, U. S. Atty., Glen Reid, Jr., Asst. U. S. Atty., W. Hickman Ewing, Jr., Memphis, Tenn., for plaintiff-appellee United States.

Before EDWARDS and PECK, Circuit Judges, and FEIKENS*, District Judge.

PER CURIAM.

These three consolidated appeals are from the convictions of Roy Mahar and Jimmy Harris for participation in three separate bank robberies. Similar issues are raised on behalf of each defendant in each conviction.

Case numbers 74–2028 and 74–2029[1] concern the March 7, 1969 robbery of the

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Case numbers 74–2188 and 74–2189 concern the May 26, 1970 robbery of the Watkins-Frayser branch of the First National Bank of Mem-

Jackson-Watkins branch of the First National Bank of Memphis. Appellants' principal argument for reversal is that the district judge abused his discretion in permitting the government to offer proof of conduct similar to that charged in the indictment. Under the circumstances of this case, we find no error.

■ While this evidence is not admissible to show a defendant's character or criminal propensity, it is admissible to show motive, intent, absence of mistake, identity or common plan, pattern or scheme. *United States v. Nemeth*, 430 F.2d 704 (6th Cir. 1970); *United States v. Ring*, 513 F.2d 1001 (6th Cir. 1975). *See also* Rule 404(b), Federal Rules of Evidence, which would govern at any retrial. Even if admissible, such testimony should not be received unless the issue on which it is offered is genuinely contested and the probative value of the evidence outweighs its prejudice. *United States v. Ring, supra*, and cases cited therein.

■ The only real issue in this trial was identity, whether the defendants were the people who robbed the bank. Since there were no witnesses who were able to identify the defendants at trial, the government relied heavily on the testimony of W. C. Allen, a confessed accomplice. Allen testified to the events leading up to and including the Jackson-Watkins robbery. He then testified to his participation along with defendants, Mahar and Harris in four other robberies. (Though there were additional robberies in which the government maintains that Allen, Mahar and Harris were involved, Allen's testimony was limited to five.) These bank robberies occurred at regular intervals of from four to six months, all involved similar though not identical "modus operandi", and of course the same people were involved in each. The government then introduced a number of witnesses from these other robberies who corroborated Allen's story and identified one or both of the defendants as participants. The trial judge carefully considered statements from each of these witnesses *before* trial and concluded that the government's proof tended to indicate that the defendants were "in the bank robbery business" much the way people would operate a "grocery store". It is clear that the cumulative effect of this testimony would be to *identify* defendants as the participants in a *continuous plan or scheme* to rob banks, including the Jackson-Watkins branch. The testimony was therefore admissible, and it remains to conclude whether the probative value outweighs. the prejudicial effect.

■■ The balancing of probative versus prejudicial value is a matter committed to the discretion of the trial judge, and will not be upset unless that discretion is abused. In this case the trial judge not only properly exercised that discretion, but also did all possible to minimize any prejudicial effect. The defendants and their counsel were informed that this testimony would be received before trial. They were thus able to carefully voir dire the prospective jurors on their ability to consider this evidence according to proper instructions. The testimony was restricted to only those robberies forming part of a consistent scheme, though other incidents were alleged by the government.

Finally, this court notes that since all of these robberies were committed by the same participants as part of the same scheme, they could have been joined for trial under Rule 8 of the Federal Rules of Criminal Procedure. It would be anomalous to permit the testimony under one procedural framework, and disallow it under another.

The remaining issues raised by these appeals have been carefully considered by the court and rejected. Such matters as severance, venue, relevance of testimony and criminal case discovery are committed to the sound discretion of the trial court. On review of the record, we are convinced that there was no abuse of that discretion.

Affirmed.

phis and case numbers 75–1250 and 75–1251 concern the January 27, 1970 robbery of the

Lamar branch of the Leader Federal Savings and Loan Association.