**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Albert Lee JOHNSON, Defendant and Appellant.**

**No. 13453.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 1981.

Decided March 3, 1982.

Marten A. Trotzig, Minnehaha County Deputy, State's Atty., Sioux Falls, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

John P. Abbott of Abbott & Abbott, Brandon, for defendant and appellant.

WOLLMAN, Chief Justice.

Defendant appeals from a judgment of conviction for burglary in the third degree. The single issue on this appeal is whether the trial court abused its discretion when it permitted the jury to consider testimony regarding a separate but similar burglary allegedly committed by defendant. We affirm.

The Dow Sioux Valley Drug Store in Sioux Falls was burglarized during the late evening of April 30 or early morning of May 1, 1980. It was again burglarized during the early morning of June 14, 1980. Each time entry was gained by breaking the glass of the front door. Controlled drugs were taken, with losses from both burglaries totaling in excess of $3,000.

Defendant's accomplice, and apparently the instigator of both burglaries as well as the look-out and get-away driver on each occasion, was one Mark Sheehy. Sheehy testified that on both occasions it was defendant who did the actual breaking into the store to collect the drugs.

One Jack Carr testified for the State that during the early morning hours of May 1, 1980, defendant and Sheehy came to his home. The trio then went to defendant's home, where defendant and Sheehy gave Carr some drugs. Sheehy told Carr that he and defendant had broken into Dow Sioux Valley Drug by breaking out the window in the front door. Defendant told Carr that he had taken a quart of whiskey from inside the drug store.

On the afternoon of June 15, 1980, Sheehy and defendant had a conversation with Carr during which Sheehy told Carr that they had "hit Dow Sioux Valley again." Sheehy stated that after defendant came out of the store he had been seen by the driver of a passing car, whereupon Sheehy started away quickly in the get-away car, with the result that defendant had to jump into the moving vehicle. Defendant told Carr that he had bruised his leg while jumping into the car and that he and Sheehy had been chased and were almost caught.

Two citizen witnesses testified with respect to their observations regarding the June 14, 1980, burglary. Neither witness could identify the individuals they had seen near the drug store as they drove past the scene, apparently only minutes after the actual break-in. One of the witnesses testified that he had followed the get-away vehicle for several blocks but was unable to get its license number or to identify the occupants therein.

The State elicited testimony from Carr that defendant, Carr, and Sheehy had committed a drug store burglary during the latter part of May 1980. Carr's testimony detailed facts of the intervening burglary that were similar to the two burglaries at issue. Specifically, the other offense was a nighttime burglary of a drug store, entry was gained in a manner similar to the two charged crimes, Sheehy remained outside with the same car used in the charged crimes, and defendant and Carr entered the building and removed controlled drugs, some of which were later personally used by defendant.

Although the trial court admitted the evidence of the other crime for the purpose of establishing defendant's identity and his intent to commit the crimes charged, the jury was instructed that it could consider this other offense testimony only for the purposes of determining whether it tended to show that defendant "had a scheme, design, system or plan to commit crimes of the sort with which he is now charged or tends to show the identity of the defendant as the person who committed the offense with which he is charged." Further, the court cautioned the jury that it was "not required

so to consider this evidence, and whether you do so or not is within your exclusive province. You may not consider it as tending to show in any other respect the defendant's guilt of the offense with which he is charged."

The jury was unable to reach a verdict on the first burglary but returned a verdict of guilty on the June 14 burglary.

SDCL 19–12–5 states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Evidence of other offenses is relevant if it tends to make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1. Any fact that tends to connect an accused with the commission of a crime is relevant and has probative value. *State v. O'Connor*, 84 S.D. 415, 420, 172 N.W.2d 724, 727 (1969).

In discussing the admissibility of other crimes under Rule 404(b) of the Federal Rules of Evidence (the counterpart of SDCL 19–12–5), Professors Wright and Miller state:

Since identity, like intent, is usually an ultimate issue in the case, there is no need to look beyond the inference to identity in determining the relevance of other crimes, wrongs, or acts offered under this exception. Often, however, the inference from the other act to identity may involve an intermediate inference to motive, plan, knowledge, or opportunity and many of the cases dealing with evidence of other crimes offered for this purpose may be found under other exceptions. Indeed, McCormick says that identity is usually proved by one of these intermediate inferences. . . .

The exception in Rule 404(b) for use of other crimes evidence to prove identity will probably be used most often to encompass another exception in McCormick's list that does not appear elsewhere in the Rule: "[t]o prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused." This exception, often referred to as the "handiwork or signature exception" or the exception for "modus operandi" is, however, only one method by which other crimes can prove identity. . . .

22 C. Wright & K. Graham, Federal Practice and Procedure § 5246, pp. 511–12 (1978) (footnotes omitted) (quoting, inter alia, McCormick, Evidence, § 190, p. 449 (Cleary ed. 1972)). In discussing the admissibility of evidence of other crimes, the Court of Appeals for the Eighth Circuit has stated:

Fed.R.Evid. 403 [SDCL 19–12–3] authorizes the district court to exclude such evidence, even though relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Our task is to assess the relevancy and the probative value of the challenged evidence; if it meets the requirements of Rule 404(b) we may not reverse the ruling of the District Court unless we also find that the prejudice from admitting the evidence substantially outweighed its probative value. In making that evaluation, we must give great deference to the district judge, who saw and heard the evidence.

*United States v. Maestas*, 554 F.2d 834, 836 (8th Cir. 1977) (citations omitted). The *Maestas* holding is in accord with the position we set forth in *State v. Houghton*, 272 N.W.2d 788, 791 (S.D.1978):

The question of balancing the probative value against the risk of unfair prejudice and the other Rule 403 considerations is one for the trial judge to resolve in the sound exercise of discretion. With regard to our review of the exercise of that discretion, we must determine whether there has been an abuse of discretion (footnotes omitted).

Two of the principal factors bearing upon the admissibility of evidence of other crimes are the sequential relationship between the offenses and the modus operandi employed. Where the incidents are close in time and similar in modus operandi, evidence of other crimes is frequently admissible on, among other things, the question of defendant's identity. See, e.g., *United States v. Mahar*, 519 F.2d 1272 (6th Cir. 1975); *United States v. Weaver*, 565 F.2d 129 (8th Cir. 1977); *United States v. Dossey*, 558 F.2d 1336 (8th Cir. 1977); *United States v. Davis*, 551 F.2d 233 (8th Cir. 1977); *United States v. Moody*, 530 F.2d 809 (8th Cir. 1976); *State v. Hudson*, 281 N.W.2d 870 (Minn.1979).

Although defendant contends that the question of identity was not really in issue, we do not so view the record. As was stated by the court in the *Maestas* case, supra, "[i]n the absence of any eyewitness identification, identity was very much in issue." 554 F.2d at 837. Inasmuch as he was an accomplice, Sheehy's uncorroborated testimony would have been insufficient to support defendant's conviction. SDCL 23A–22–8. The State can hardly be faulted for not wanting to rely solely on Carr's testimony regarding defendant's admissions, given Carr's less-than-exemplary record as a law-abiding citizen himself. Given the State's need for the testimony regarding the uncharged burglary to establish defendant's participation in the charged crimes, we conclude that the trial court did not abuse its discretion in admitting the challenged testimony. The three burglaries occurred within a relatively short time span, the method of committing the offenses was the same in all three cases, and the same type of property was taken as the fruit of all three crimes.*

The judgment of conviction is affirmed.

All the Justices concur.

---

* Although the trial court admitted the challenged testimony also for the purpose of establishing defendant's intent, the jury was not instructed that it could consider it for that purpose, although in view of the testimony that defendant was intoxicated at the time of both charged offenses the evidence would have been probative on the issue of intent. We note that there is authority for the proposition that evidence that is properly admitted for one purpose does not become the less admissible merely because the jury is not instructed regarding that purpose. See, e.g., *United States v. Baldarrama*, 566 F.2d 560 (5th Cir. 1978); *United States v. Buckhanon*, 505 F.2d 1079 (8th Cir. 1974); *United States v. Gocke*, 507 F.2d 820 (8th Cir. 1974).