STATE of South Dakota, Plaintiff
and Appellee,

v.

Richard ROSE, Defendant and Appellant.

No. 13628.

Supreme Court of South Dakota.

Sept. 7, 1982.

Decided Oct. 13, 1982.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

David M. Husby, Pennington County Public Defender, Rapid City, for defendant and appellant.

FOSHEIM, Chief Justice.

Appellant was convicted by a jury of sexual contact with a child under fifteen in violation of SDCL 22–22–7.[1] He was sentenced to five years in the South Dakota State Penitentiary and appeals from the judgment. We affirm.

SDCL 22–22–7.1 defines the term sexual contact used in SDCL 22–22–7. It specifies that the requisite intent is arousal or gratification of the sexual desire of either party. Before trial the State sought a ruling from the trial court on the admissibility of other crimes to prove intent, motive, opportunity, preparation, knowledge and plan pursuant to SDCL 19–12–5, which reads:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the charac-

---

1. At the time of the offense, 1/17/81, SDCL 22–22–7 read: Any person, fifteen years of age or older, who knowingly engages in sexual contact with another person, other than his spouse when such other person is under the age of fifteen years is guilty of a Class 3 felony. If the actor is less than three years older than the other person, he is guilty of a Class 1 misdemeanor.

At the time of the offense SDCL 22–22–7.1 read: As used in § 22–22–7, the term, "sexual contact," means any touching, not amounting to rape, of the breasts of a female or the genitalia of any person with the intent to arouse or gratify the sexual desire of either party.

ter of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

At the pre-trial hearing on the State's request, evidence was offered that appellant had sexual contact with or raped children under fifteen years of age on several occasions prior to the January 17, 1981, act with C. K. with which he was charged. This evidence was introduced through three witnesses: C. K., K. H. and T. H., the alleged victims of the other crimes (nine, eight and twelve years old respectively at the time of trial). They testified at length that the other crimes occurred on numerous occasions when appellant was helping his wife babysit. Appellant cross-examined each witness. The trial court ordered the other crimes evidence admitted solely as to the element of intent and limited such evidence to C. K.'s testimony of two other crimes alleged to have occurred in November 1980 and December 1980 respectively; K. H.'s testimony of one other crime alleged to have occurred in December 1980 or January 1981; and T. H.'s testimony of other crimes alleged to have occurred during the weekend of the Days of '76 in Deadwood, South Dakota, in August 1980. The trial court's order was based on its opinion that the State had established such other crimes by substantial evidence and that the dates of each incident were fixed with sufficient certainty to allow refutation. The court disallowed the balance of the other offered evidence because it did not meet these standards.

The sole issue raised by appellant on appeal is whether the trial court abused its discretion when it admitted other crimes evidence as to appellant's intent to commit the crime charged. Appellant argues that the other crimes evidence was inadmissible because it was irrelevant to the question of appellant's intent or, if relevant, its probative value was substantially outweighed by its prejudicial effect.

Since evidence of other crimes is inadmissible to prove the bad character of the accused, it must first pass the test of relevancy to one of the SDCL 19–12–5 exceptions. *State v. Johnson,* 316 N.W.2d 652 (S.D.1982); *State v. Houghton,* 272 N.W.2d 788 (S.D.1978). In this case the evidence must be relevant to appellant's intent to commit the crime charged. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1. Appellant's defense was that he did touch the genitalia of C. K. but not with the intent to sexually arouse or gratify; rather, he did so in the course of cleaning her after she wet herself and in the course of examining her for eczema and applying medication for eczema. A psychiatrist, called by the defense, testified that appellant is obsessed with cleanliness and that is why appellant had the children in his care take frequent showers and why he checked them thoroughly for cleanliness. The testimony of C. K., K. H. and T. H., however, clearly indicates that appellant touched them for his sexual gratification. Their testimony is relevant because it tends to make the existence of the specific intent required by SDCL 22–22–7.1 more probable than it would be otherwise.

The next question is whether the other crimes evidence, even though relevant, should nevertheless have been excluded under SDCL 19–12–3 [2] because "its probative value is substantially outweighed by the danger of unfair prejudice." *Johnson, supra; State v. Brown,* 285 N.W.2d 843 (S.D. 1979); *Houghton, supra.* The standard of review in this court is whether the trial court abused its discretion in admitting the evidence. *Id.* In making such review we are bound by the rule that the question is "not whether the judges of this court would

**2.** SDCL 19–12–3 reads: Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

have made an original like ruling, but rather whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." *F. M. Slagle & Co. v. Bushnell,* 70 S.D. 250, 16 N.W.2d 914, 916 (1944); *Myron v. Coil,* 82 S.D. 180, 143 N.W.2d 738 (1966); *Davis v. Kressly,* 78 S.D. 637, 107 N.W.2d 5 (1961). See *Houghton, supra,* f.n. 10, which cites *Slagle, Myron* and *Davis* on the abuse of discretion standard.

While the evidence of other crimes was undoubtedly prejudicial to appellant, the operative words of SDCL 19–12–3 are "substantially outweighed" and "unfair." The trial court was careful to insure that the other crimes evidence was substantial and fixed in time with reasonable certainty to allow appellant a fair opportunity to refute. Under these circumstances and the law permitting such evidence to be received, we conclude the trial court acted reasonably. We hold, therefore, that the trial court did not abuse its discretion by admitting this evidence.

■ The trial court received the evidence without contemporaneously instructing the

jury that they were to consider this evidence only on the issue of intent. Appellant argues that such failure to instruct encouraged the jury to decide the case on an improper basis. Appellant did not request such a limiting instruction at the time the evidence was received; however, the jury was given such an instruction prior to deliberation.[3] Appellant cites no authority to support his argument that the trial court must *sua sponte* give a limiting instruction when evidence of other crimes is received. In *State v. Nesbeth,* 65 S.D. 613, 277 N.W. 36 (1937), we held that when other crimes evidence has been correctly received an appropriate limiting instruction given as part of the charge to the jury fully protects a defendant's rights.

Judgment affirmed.

All the Justices concur.

---

**3.** Instruction No. 9 read: Evidence has been introduced for the purpose of showing that the defendant committed crimes other than that for which he is on trial. Such evidence, if believed, was not received and may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes. Such evidence was received and may be considered by you only for the limited purpose of determining if it tends to show: The existence of the intent which is a necessary element of the crime charged. For the limited purpose for which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case. You

are not permitted to consider such evidence for any other purpose. Therefore, even though you may be satisfied that the Defendant committed one or more of such other crimes, but you are not convinced beyond a reasonable doubt that the Defendant did in fact commit the particular crime for which he is now standing trial, you must return a verdict of not guilty. That is, before you can return a verdict of guilty, you must first be satisfied from the evidence presented in this trial that each of the elements of this particular offense alleged to have occurred on January 17, 1981, with [C. K.], has been proven beyond a reasonable doubt.