**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William B. PEDDE, Defendant and Appellant.**

**No. 13899.**

Supreme Court of South Dakota.

Considered on Briefs April 18, 1983.

Decided May 18, 1983.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas J. Nicholson, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal from a judgment of conviction for attempted robbery in the first degree. We affirm.

The incident giving rise to defendant's conviction was an attempted purse snatching outside of Sioux Valley Hospital on the evening of March 30, 1982. The victim testified that a person ran up from behind her, hit her on the shoulder, dragged her a few feet, caused her to fall down with her purse under her, and then ran off. A bone in the victim's shoulder was broken and the victim suffered other injuries as a result of this incident. The victim was unable to see the face of the person who knocked her down, and an elderly lady who was walking with the victim at the time of the incident was unable to testify as to the incident.

An employee of the hospital who was leaving from work at the time of the incident testified that she saw defendant and Keith Seidschlaw, who was tried with defendant but acquitted, run up behind the victim and the elderly lady. The eyewitness further testified that she saw defendant knock the victim down.

In addition to this evidence, an informant and two police detectives testified regarding prior acts of defendant and Seidschlaw. The prior acts testimony related to a March 5, 1982, conversation between defendant, Seidschlaw, and the informant on how defendant and Seidschlaw snatched purses, and an alleged attempt by them to snatch a purse in an area near Sioux Valley Hospital on March 5, 1982.

The informant had been equipped with a concealed transmitter prior to the March 5 meeting. Two detectives stationed outside the informant's apartment were able to hear the conversation. The informant testified that he and defendant and Seidschlaw had engaged in a discussion about how defendant and Seidschlaw would commit a purse snatching, and that "Mr. Pedde stated that they would run up behind the lady, hit her, snatch the purse and haul ass." The informant testified that defendant and Seidschlaw left the apartment and drove off after stating their intent to snatch a purse, but returned and reported that they had been unable to find a suitable victim.

After defendant and Seidschlaw stated their intent to snatch a purse and left the apartment, the detectives followed them down streets in the Sioux Valley Hospital area but soon lost sight of them. The detectives' testimony corroborated the informant's testimony.

At trial, defendant admitted to taking part in the conversation of March 5, 1982, but contended that he was only bragging to the informant, whom he regarded as a hero figure, so as to appear tough. He also admitted going for a drive after the conversation. Both defendant and Seidschlaw presented alibi defenses to the attempted robbery charges.

The trial court determined that the evidence relating to other acts was admissible for the purpose of identity and that its probative value outweighed its prejudicial effect. Defendant contends that the trial court abused its discretion by making this determination.

SDCL 19–12–5 provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence of other acts must also be relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1.

■ Defendant does not dispute that identity was in issue. Although the State presented the testimony of an eyewitness, defendant contested her identification of him as the perpetrator of the crime. In any event, the State is not precluded from introducing evidence relevant to establishing an element of an offense merely because of the existence of other evidence relevant to that element. *State v. Ellis*, 208 Neb. 379, 303 N.W.2d 741 (1981); *People v. Condon*, 26 N.Y.2d 139, 257 N.E.2d 615, 309 N.Y.S.2d 152 (1970).

■ Defendant maintains that because the prior acts evidence was not so nearly identical in method as to earmark the charged offense as the handiwork of the accused, the evidence was inadmissible. In *State v. Johnson*, 316 N.W.2d 652 (S.D. 1982), we addressed this concern in the following language:

The exception in Rule 404(b) for use of other crimes evidence to prove identity will probably be used most often to encompass another exception in McCormick's list that does not appear elsewhere in the Rule: "[t]o prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused." This exception, often referred to as the "handiwork or signature exception" or the exception for "modus operandi" is, however, only one method by which other crimes can prove identity. . . .

316 N.W.2d at 654 (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure § 5246, pp. 511–12 (1978) (footnotes omitted) (quoting, inter alia, McCormick, Evidence, § 190, p. 449 (Cleary ed. 1972))); *see also State v. Dace,* 333 N.W.2d 812 (S.D. 1983).

The Court of Appeals for the Eighth Circuit has held that to be admissible, evidence of prior acts need not be that of an identical offense but only "of similar involvement reasonably related to the offending conduct." *United States v. Gocke,* 507 F.2d 820, 825 (8th Cir.1974), *cert. denied,* 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975).

In *State v. Johnson, supra,* we recognized that evidence of other crimes is frequently admissible for purposes such as showing identity where the incidents are close in time and similar in modus operandi. This principle is applicable to the case before us since the prior acts in issue occurred less than a month before the charged offense and the descriptions of how to commit a purse snatching revealed a modus operandi similar to the one involved in the charged offense.

As we held in *State v. Dace, supra,* after determining that the proffered evidence of other acts is probative of one of the elements set forth in SDCL 19–12–5, the trial court must balance the probative value of the evidence against the risk of unfair prejudice pursuant to SDCL 19–12–3. *State v. Rose,* 324 N.W.2d 894 (S.D.1982); *State v. Brown,* 285 N.W.2d 843 (S.D.1979). Our standard of review is whether the trial court has abused its discretion. *State v. Houghton,* 272 N.W.2d 788 (S.D.1978). After considering the record, we are unable to conclude that there has been an abuse of discretion.

The judgment is affirmed.

All the Justices concur.