**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ronald John KLEIN, Defendant and Appellant.**

No. 16349.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1989.

Decided July 12, 1989.

Ann C. Meyer, Asst. Atty. Gen., for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Shawn Jensen Pahlke, Office of Public Defender, Rapid City, for defendant and appellant.

MILLER, Justice.

In this appeal we affirm convictions for burning to defraud an insurer and attempted theft by deception and hold that the trial court did not abuse its discretion by admitting evidence of appellant's prior crimes, wrongs and bad acts.

1. SDCL 22-33-4 provides:
   Any person who with intent to injure or defraud an insurer set fire to or burns or causes to be burned any real or personal property of any kind, whether the property of himself or anoth-

## FACTS

In April 1987, the Rapid City Fire Department received a smoke investigation call concerning a residence. Appellant Ronald John Klein was the owner and sole occupant of the house. Upon their arrival, firemen observed flames through the windows of the house. The firemen were forced to break down the front door which was secured from the inside by a chain lock. Once inside, the firemen found that the house contained few personal items. (Earlier that afternoon a neighbor had observed Klein packing many personal items into his van.) Klein, who had been at a movie, returned home to find the firemen extinguishing the blaze. Fire investigators later concluded that the home was damaged by two fires, both of which had been intentionally set.

At the time of the fire, Klein was a student who had limited sources of income (mostly loans) and was undergoing financial difficulties. He was in default on a contract for deed for the purchase of the home with the entire remaining balance due at the time the fire occurred. Klein had previously let his insurance coverage on the house lapse, but did obtain new coverage thereon one month before the fire.

After the fire, Klein submitted a proof of loss form to his insurer. The amounts listed for the value of lost property were significantly higher than the property values he had previously listed when he had applied for court-appointed legal assistance in June 1986. However, Klein had not made any substantial purchases between the time he made his initial application for legal assistance and the submission of his claim to the insurance company.

State filed an information charging Klein with burning to defraud an insurer in violation of SDCL 22-33-4 and attempted theft by deception, contrary to SDCL 22-30A-3.[1]

er, which property is insured against fire, is guilty of a Class 4 felony.
SDCL 22-30A-3 provides:

Both counts related to the house fire. Klein entered pleas of not guilty to both counts of the Information and entered a denial as to Part II Information, which alleged that he was a habitual offender because of his conviction in October 1986 of two counts of theft by deception. Klein was convicted by a jury on both counts of Part I. Several days later, he entered an admission to Part II. Soon thereafter, Klein filed a motion for new trial, which was ultimately denied. He was sentenced to 10 years in the state penitentiary for burning to defraud an insurer and to 7½ years for attempted theft by deception, both sentences to run concurrently. Klein appeals. We affirm.

## DECISION

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING EVIDENCE OF KLEIN'S PRIOR CRIMES, WRONGS OR BAD ACTS.

Klein first claims that the trial court abused its discretion when it allowed the admission of Klein's prior theft by deception convictions (two counts stemming from the same incident) and a sanitized copy of Klein's court-appointed attorney application from an earlier criminal charge, both of which evidenced Klein's financial problems.[2] Klein was advised by the trial court that if he should take the stand in his own defense, his prior convictions for theft by deception and the charges contained in his earlier court-appointed counsel application would be admissible.

■ Our standard of review concerning the trial court's admission of evidence of prior crimes, wrongs or acts is whether the trial court abused its discretion. *State v. Champagne*, 422 N.W.2d 840 (S.D.1988).

SDCL 19–12–5 provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

SDCL 19–12–3 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

■ The test for determining whether evidence of other crimes or wrongs was properly admitted against a defendant involves a two-step inquiry. It first must be determined whether the proffered evidence is relevant to proving one of the stated exceptions of SDCL 19–12–5. *State v. Bradley*, 431 N.W.2d 317 (S.D.1988). *See also State v. Titus*, 426 N.W.2d 578 (S.D. 1988), and *Champagne, supra.* If the evi-

Any person who obtains property of another by deception is guilty of theft. A person deceives if with intent to defraud he:
(1) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
(2) Prevents another from acquiring information which would affect his judgment of a transaction;
(3) Fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship; or
(4) Fails to disclose a known lien, adverse claim or other legal impediment to the enjoy-

ment of property which he transfers or encumbers in consideration for property he obtains, whether such impediment is or is not valid, or is or is not a matter of official record.
The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive reasonable persons.

2. This application was "sanitized" by attempting to delete therefrom information which might tend to infer it was related to previous criminal activity. It should also be noted that the application retained one reference to court-appointed counsel. This reference had been removed by State but was reinserted at the request of Klein's counsel.

dence is found to be relevant, it next must be determined whether its prejudicial effect substantially outweighs its probative value. *Bradley, supra; Titus, supra; Champagne, supra; see also* SDCL 19–12–3. Evidence is relevant and has probative value if it contains any fact which tends to connect an accused with the commission of a crime. *See State v. Reutter,* 374 N.W.2d 617 (S.D.1985). However, if the court determines that the evidence is relevant, but that its submission will unfairly prejudice the defendant's case, such evidence cannot be admitted. *Bradley, supra; Titus, supra; Reutter, supra.* Under *State v. Holland,* 346 N.W.2d 302 (S.D.1984), this balancing process is within the sound discretion of the trial court. Further, this balancing process must be conducted on the record. *See State v. Eagle Hawk,* 411 N.W.2d 120 (S.D.1987).

### A. Klein's Prior Convictions

■ Our review of the evidence leads us to the conclusion that the trial court did not abuse its discretion by admitting Klein's two prior felony convictions for theft by deception. We believe, as did the trial court below, that the convictions, especially the count charging him with theft by deception which involved a check scheme designed to assist Klein with his house payments, was relevant to show his motive and intent. We note that his convictions were to be admitted in a "sanitized" fashion so that the jury would not be able to consider their other, less relevant aspects.

The admission of Klein's prior convictions fits squarely within the motive exception to SDCL 19–12–5. Klein was motivated by financial difficulties at the time of the fire, as he had been previously when he committed the 1986 check scheme in order to make his house payments. Even Klein himself went so far as to admit that he had previously committed theft by deception because of his financial difficulties. Thus, the admission of his prior convictions is clearly relevant on the issue of Klein's motive. *See State v. Swallow,* 405 N.W.2d 29 (S.D.1987).

■ Evidence of Klein's prior convictions also would be admissible under the intent exception to SDCL 19–12–5. As we stated in *Champagne, supra,* where specific intent is an element of an offense, proof of similar acts may be admitted so that the State may carry its burden even if the defense to the charge is a complete denial. It is beyond dispute that intent is an element of both burning with intent to defraud an insurer and theft by deception.[3] We believe that evidence of prior similar crimes is admissible to show that Klein's action was done with the specific intent necessary to convict under these two statutes. *See also State v. Pedde,* 334 N.W.2d 41, 43 (S.D.1983), wherein we stated that evidence of prior acts need not be that of an identical offense but only "of similar involvement reasonably related to the offending conduct." *Citing United States v. Gocke,* 507 F.2d 820, 825 (8th Cir.1974), *cert. denied* 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975).

■ Having determined that Klein's prior convictions were relevant, we must next turn to the issue of whether their admission would be unfairly prejudicial. The evidence tends to show that Klein was in dire financial straits and that he had previously committed similar acts because of his financial condition. We do not believe that the trial court erred in determining that the probative value of the evidence, as admitted, was not outweighed by its prejudicial effect. The trial court did not abuse its discretion in admitting such evidence. *See Swallow, supra.*

■ We further note that Klein's counsel, during cross-examination of one of State's expert witnesses, "opened the door" to the admission of Klein's prior convictions when he asked the witness whether he was aware that Klein was a convicted felon. The trial court later noted that this question by Klein's counsel was the functional equivalent of putting Klein himself on the stand and therefore evidence concerning Klein's status as a convicted felon was admissible. Having opened the door

---

**3.** See footnote 1, *supra.*

to the admission of evidence of Klein's prior convictions, Klein may not now challenge its admission on appeal. *See United States v. Gipson,* 862 F.2d 714 (8th Cir. 1988). He cannot seek to advantage himself through the use of an error which he himself committed. *See State v. Vogel,* 315 N.W.2d 321 (S.D.1982).

### B. Klein's Prior Application for a Court–Appointed Attorney.

■ Klein next contends that the trial court abused its discretion when it admitted his 1986 application for court-appointed counsel.[4] It appears from the record that the application was admitted as a statement of Klein's assets. Klein contends that the application should not have been admitted because it could have inferred to the jury that he faced serious criminal charges in the past. Using the same two-prong test set forth earlier herein, we believe that the application was relevant evidence of Klein's financial condition and that its probative value outweighed any prejudicial effect.

Moreover, in addition to our comment in footnote 2, *supra,* it appears that Klein has failed to preserve this issue for appeal due to his counsel's stipulation to the admission of the sanitized application as a public record. *See State v. Novaock,* 414 N.W.2d 299 (S.D.1987).

We have examined the other issues raised by Klein (that the trial court erred in (1) refusing an in-court fire demonstration; (2) allowing cross-examination concerning a letter written by Klein regarding restitution in another case; and (3) denying his motion for judgment of acquittal) and find them to be without merit.

Affirmed.

WUEST, C.J., and MORGAN, J., concur.

HENDERSON and SABERS, JJ., concur in result.

4. See footnote 2, supra.

---

* We also said in *Rose,* at 895–96: "In making such review we are bound by the rule that the question is not whether the judges of this court would have made an original like ruling, but

HENDERSON, Justice (concurring in result).

Although I agree with affirming the convictions, I write to call the reader's attention to my special writing in *State v. Champagne,* 422 N.W.2d 840, 844 (S.D. 1988) (Henderson, J., specially concurring). *Champagne* is cited in the majority opinion for several precedential holdings.

These "prior crimes, wrongs, or bad acts" cases, i.e., admitting prior crimes or wrongs or bad acts to prove the crime at hand, must be distinguished and decided on each set of facts.

Admitting evidence of prior crimes, wrongs or bad acts is a matter of judicial discretion. It is not a matter, in every case, of automatic inclusion or automatic exclusion. A court must reflect, rather than rely on judicial reflex, when admitting or excluding this type of evidence. Rulings by the trial judge will depend on his/her assessment of the evidence. Cardinal to our consideration are the following digested cases. Relevancy does not automatically result in admissibility. *U.S. v. Goodwin,* 492 F.2d 1141, 1155 (5th Cir.1974). The prior conduct, to be admissible, must be similar. *State v. Pedde,* 334 N.W.2d 41 (S.D.1983). There must be a balancing, by the trial court, of the prejudicial effect versus the probative value. *State v. Thomas,* 381 N.W.2d 232, 237 (S.D.1986). The proffered evidence must be close in time rather than remote. *Pedde, supra; State v. Johnson,* 316 N.W.2d 652 (S.D. 1982). This Court will not tolerate persuasion by illegitimate means and taking advantage, unfairly, of a criminal defendant. *State v. Dokken,* 385 N.W.2d 493 (S.D. 1986). "The standard of review in this Court is whether the trial court abused its discretion in admitting the evidence." *State v. Rose,* 324 N.W.2d 894, 895 (S.D. 1982).*

rather whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." *Rose,* a unanimous decision, anteceded the present case by seven years. *Rose* was written by then Chief Justice Jon Fosheim with former

Here, two fires were started to avoid financial collapse: (1) Igniting by wrapping cloth around the base of an iron turned on the high position, and (2) ignition by leaving a candle burning in a crawlspace of an attic. Klein was facing foreclosure. He had little financial resource. He could not meet his financial obligations. "Prior bad acts", in close proximity to the time when he committed the crimes alleged in the information had a very direct bearing on motive, namely, convictions of theft by deception.

Where men isolate retarded women (using an official position of authority), as in *State v. Willis*, 370 N.W.2d 193 (S.D.1985), to sexually take advantage of them or physically abuse women establishing a pattern leading to murder, as in *State v. Bradley*, 431 N.W.2d 317 (S.D.1988), I have written opinions, for the majority of this Court, admitting evidence of prior bad acts or wrongs. *See also, State v. Perkins*, 444 N.W.2d 34 (S.D.1989). (pedophilia). I have written specially to admit prior bad acts or wrongs to protect innocent children from men who scheme or plan to isolate and sexually abuse young children/members of their family or friends. *Champagne, supra, Roden v. Solem* (Roden II), 431 N.W.2d 665, 670–1 (S.D.1988) (Both pedophilia cases). In those cases, admission of such evidence was within the discretion of the trial court.

SABERS, Justice (concurring in result).

I concur in the result only.

I believe that evidence of Klein's two prior convictions for theft by deception in situations where he was "financially strapped" was admissible because the defense "opened the door" by asking a witness whether he was aware that Klein was a convicted felon.

The evidence was also admissible under the motive exception of SDCL 19–12–5 because the financial desperation of all three instances were highly relevant to motive, which was a material issue because Klein claimed to have financial resources.

Chief Justices Roger Wollman and Frances Dunn sitting on the Court, together with Justice

However, the evidence was not admissible under the "intent" exception as claimed by the majority. The intent exception applies in situations where a person admits the act, but denies the intent, *e.g.*, a person charged with sexual contact with a minor, admits the contact while bathing the child but denies the sexual intent. *See. also State v. Titus*, 426 N.W.2d 578 (S.D.1988), where Titus, who was charged with first-degree burglary, admitted entry, but denied intent as a result of alcohol-induced blackouts. In *Titus*, intent *was* a material issue for purpose of SDCL 19–12–5. Here, it was *not*. The reliance on *State v. Champagne*, 422 N.W.2d 840 (S.D.1988) is wrong, even if specific intent is an element of the offense. As stated in my dissent in *Champagne, supra* at 845, "We were wrong to [reject the dispute requirement in *State v. Means*, 363 N.W.2d 565 (S.D. 1985)] and we should reinstate [it]." Until we do, really fair trials may be "few and far between." See my writing in *State v. Perkins*, 444 N.W.2d 34, 40–42 (S.D.1989), and the cases cited therein.

Morgan, now our Senior Justice, and myself.