1998 SD 123

Dennis R. SUND, Applicant
and Appellant,

v.

Doug WEBER, Warden of the South
Dakota State Penitentiary,
Appellee.

No. 20382.

Supreme Court of South Dakota.

Argued Oct. 19, 1998.

Decided Dec. 16, 1998.

Rod Woodruff, Belle Fourche, for applicant and appellant.

Mark Barnett, Atty. Gen., Timothy Bartlett, Asst. Atty. Gen., Pierre, for appellee.

SABERS, Justice.

[¶ 1.] Dennis Sund appeals the denial of habeas corpus relief based on ineffective assistance of counsel. The habeas court found counsel's performance deficient, but that no prejudice was shown. We reverse and remand for a new trial.

## FACTS

[¶ 2.] On August 24, 1995, Gary and Laurie Bedford (Bedford) contacted Dennis Sund about repairing their roof. On September 7, Bedford paid Sund $1,473.76 as advance payment for materials and a portion of the labor. Both parties understood that Sund would not be able to immediately start work because he was working as a subcontractor on another project, the Nite Owl job. Sund cashed the check at the Royal Flush Casino.

[¶ 3.] Between September 7 and October 1, Sund and Bedford had three or four telephone contacts regarding the delay in beginning work. On or about September 28, Sund sent an employee to show Mrs. Bedford a shingle sample.

[¶ 4.] Sund's last day of work on the Nite Owl job was September 23.

[¶ 5.] On October 7, Sund was admitted to the hospital because of chest pains. He was discharged on October 9. He was again hospitalized on October 19 and discharged on October 24. Sund was also experiencing marital problems and separated from his wife during this time. Additional facts will be presented relevant to Sund's ineffective assistance of counsel claims.

[¶ 6.] After learning on October 11 that Sund's telephone was disconnected, Bedford filed a criminal complaint with the sheriff's office. No supplies had been purchased or delivered to the job site. The money had not been returned to Bedford.

[¶ 7.] Sund was arrested and charged with grand theft by deception, a violation of SDCL 22–30A–3(1) and 22–30A–17.[1] Thomas Adams was appointed to represent Sund on the felony theft charges. Adams had been practicing criminal law since 1980.

[¶ 8.] While incarcerated[2] and awaiting trial, Sund was diagnosed as alcohol dependent. He was admitted to Addiction Family Resources for inpatient treatment on February 8, 1996.

[¶ 9.] A jury trial was scheduled for March 12, 1996. Sund's attorney moved for a continuance on March 8 because Sund was being released from treatment on March 8 and Sund wanted time to prepare for trial. The trial court denied the motion. An additional motion for continuance filed on March 11 was also denied. At Sund's request, his attorney asked to withdraw from the case on the day of trial. The trial court denied the request. On March 12, the jury found Sund guilty of theft by deception. Sund appealed and his conviction was affirmed and expedited by this court.

[¶ 10.] Sund filed a writ of habeas corpus on March 7, 1997. The habeas court found

---

1.  SDCL 22–30A–3(1) provides:

    Any person who obtains property of another by deception is guilty of theft. A person deceives if with intent to defraud he:
    (1) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but **deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]**

    (Emphasis added).
    SDCL 22–30A–17 provides, in part:
    Theft is grand theft, if:
    (1) The value of the property stolen exceeds five hundred dollars[.]

2.  Apparently Sund was already incarcerated on DUI and driving under revocation charges when arrested for the theft by deception charges. He was unable to make bond on the felony charges and was held in custody until February 1996.

that counsel's performance was deficient as to pretrial discovery and investigation, but that Sund failed to show the deficient performance resulted in prejudice. Therefore, the habeas court denied his application.

[¶ 11.] On November 26, 1997, the habeas court denied Sund's motion for a certificate of probable cause. This court issued a certificate of probable cause on January 8, 1998.

## STANDARD OF REVIEW

[¶ 12.] Our standard of review for a habeas appeal is well established.

Habeas corpus is not a substitute for direct review. Because habeas corpus is a collateral attack upon a final judgment, our scope of review is limited. On habeas review, the petitioner has the initial burden of proof. We review the habeas court's factual findings under the clearly erroneous standard.

*Lodermeier v. Class*, 1996 SD 134, ¶ 3, 555 N.W.2d 618, 621–22 (citing *Loop v. Class*, 1996 SD 107, ¶ 11, 554 N.W.2d 189, 191 (citations omitted)).

[¶ 13.] 1. WHETHER SUND WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

We have adopted the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for ineffective assistance of counsel claims. First, [the applicant] must prove that his trial counsel's performance was deficient. He must show that trial counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Secondly, he must show that the deficient performance "prejudiced the defense" by showing that "counsel's errors were so serious as to deprive the defendant of a fair trial[.]" The reasonableness of trial counsel's action is evaluated from his perspective at the time the alleged error occurred.

*Garritsen v. Leapley*, 541 N.W.2d 89, 93 (S.D.1995) (alterations in original) (quoting *Mitchell v. Class*, 524 N.W.2d 860, 862 (S.D. 1994) (citations omitted)).

[¶ 14.] The habeas court found that although Sund did not timely cooperate with his counsel, counsel failed to apply sufficient pressure on Sund to provide names of potential witnesses. Counsel was found deficient in pretrial investigation and discovery because he failed to conduct an independent investigation into potential witnesses. However, the habeas court found that Sund failed to establish prejudice resulting from the deficient performance. It stated that he had not shown a reasonable probability that the result would have been different had the potential witnesses testified at trial. We disagree.

Whether a defendant has received ineffective assistance of counsel is essentially a mixed question of law and fact. In the absence of a clearly erroneous determination by the circuit court, we must defer to its findings on such primary facts regarding what defense counsel did or did not do in preparation for trial and in his presentation of the defense at trial. This court, however, may substitute its own judgment for that of the circuit court as to whether defense counsel's actions or inactions constituted ineffective assistance of counsel.

*Loop*, 1996 SD 107 at ¶ 11, 554 N.W.2d at 191 (quoting *Aliberti v. Solem*, 428 N.W.2d 638, 640 (S.D.1988)).

## [¶ 15.] A. DEFICIENT PERFORMANCE

[¶ 16.] Sund alleges counsel was deficient for: 1) failing to communicate with his client; 2) failing to inquire of and prepare known witnesses; 3) failing to investigate possible defenses, including failing to ask Sund about the facts of the case; 4) failing to prepare for trial; 5) misstating critical evidence in opening statements; 6) failing to adequately voir dire the jury panel; and 7) failing to object to improper voir dire questions and closing arguments presented by the State.

[¶ 17.] According to Sund, counsel refused to accept a list of potential witnesses and would not allow Sund to explain his version of events. He claims counsel failed to investigate and interview known witnesses. In addition, he claims counsel failed to investigate possible defenses and mitigating factors such as weather delays, family problems, al-

cohol problems and his hospitalization.[3]

[¶ 18.] While the habeas court found Sund did not cooperate with his counsel, it found counsel deficient in his independent investigation into the case and potential witnesses. On appeal, the State failed to file a notice of review on the issue of deficiency. Therefore, although there may be doubts about counsel's deficiency given Sund's lack of cooperation, we cannot review the decision regarding deficient performance.

### [¶ 19.] B. PREJUDICE

[¶ 20.] At the habeas hearing, Sund presented testimony from six witnesses. He claimed their testimony would have helped his case and counsel was deficient for failing to call them at trial. The habeas court found that Sund had not met his burden of showing a reasonable likelihood that the result would have been different had the witnesses been called. We disagree.

[¶ 21.] "Standing alone, the fact that defense counsel failed to investigate a witness does not by itself satisfy the prejudice prong of *Strickland.*" *Siers v. Class,* 1998 SD 77, ¶ 25, 581 N.W.2d 491, 497 (citing *Hadley v. Groose,* 97 F.3d 1131, 1135 (8thCir.1996)). Prejudice must be shown which deprived the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

[¶ 22.] Teresa Schutterle, a bartender, testified at the habeas hearing that around September 1995 Sund asked her about working for him picking up shingles on a roofing job. She did not know whether it was the Bedford job. However, her testimony would have tended to support Sund's claim in part that he always intended to fix Bedford's roof.

[¶ 23.] Two people for whom Sund had worked testified at the habeas hearing. Both of them, Philip Sardeson and Vick Henderson, testified that they paid Sund a portion of the money before he started the work and that he subsequently repaired their roofs. At trial, the testimony of these two people was excluded by a motion in limine

filed by Sund's attorney. The tactical decision to exclude the testimony was made by counsel because of allegations of inferior work. Counsel felt such testimony would damage Sund's case. However, regardless of the potential damage from allegation of inferior work, both men would have testified that they paid Sund part of the money before he started work and that he completed the jobs.

[¶ 24.] Delton Hanson, an UBC salesman, testified that he thought Sund had previously purchased materials with cash. At trial, Hanson testified for the State. He was cross-examined by Sund's counsel, but was not specifically asked about prior cash transactions. Testimony regarding Sund's practice of paying with cash would have helped explain the reason he cashed the check and his intentions as to the money.

[¶ 25.] Laurel Sund, Sund's wife, testified that they did not have a bank account during that period of time. She testified that Sund would cash checks and put the money away in a safe place. However, she did not know what Sund did with Bedford's money. She also testified that the casino had a sign in its window advertising check cashing. Sund's son, Travis, testified about his father's hospitalization and separation from Laurel. He had no knowledge of the Bedford check.

[¶ 26.] Although Laurel and Travis did not know what happened to the Bedford money, their testimony would have provided information helpful to Sund's case. Laurel's testimony regarding the lack of bank accounts would have helped explain why Sund cashed the check at the casino rather than a bank. Both could have testified about Sund's personal situation during the crucial time between the end of the Nite Owl job and the filing of the complaint by Bedford.

[¶ 27.] No witness' testimony, standing alone, exonerates Sund. However, viewed together, the testimony tends to raise a reasonable doubt whether Sund had the intent necessary for theft by deception at the time he took the money. "This court has previously resolved that theft by deception is a specific intent crime." *State v. Heftel,* 513 N.W.2d

---

**3.** According to counsel's time records, other than thirty minutes spent on March 8, he did not start preparing for trial until the day before the trial was scheduled to begin.

397, 400 (S.D.1994) (citing *State v. Klein*, 444 N.W.2d 16, 19 (S.D.1989)). Specific intent is difficult to prove because the State must show beyond a reasonable doubt to the satisfaction of all twelve jurors that Sund accepted the money knowing he did not intend to do the job. In fact, SDCL 22–30A–3(1) provides, in part, that "deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]"

[¶ 28.] We must accept the habeas court's finding of deficient performance because the State failed to file a notice of review on that issue. Sund has shown prejudice resulting from counsel's deficient performance. Counsel failed to investigate and present witnesses which may have countered and undermined the State's case on the issue of specific intent.[4] After reviewing the testimony offered at trial and at the habeas hearing, we find counsel's errors were sufficiently serious and prejudicial to deprive Sund of a fair trial and undermine confidence in the verdict. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

[¶ 29.] Therefore, we reverse and remand for a new trial.

[¶ 30.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

---

**4.** At the motion hearing on March 11, Sund's counsel acknowledged that little time was spent on the facts of the felony case. He stated:

> I have not ignored Mr. Sund, however because of the other items that were going on in his case, particularly his doing jail time on the misdemeanor, failure to complete his fines and other things on his misdemeanor cases, as well as his desire to get into alcohol treatment, it seemed like every time I met with Dennis a majority of our time was taken up on these other matters, and certainly I would appreciate myself more time to meet with him and—and go over and review these items with respect to his case.... I guess in all fairness to Dennis I will say that the times we have spent together have not necessarily been productive as to this case possibly because of all these other things that were going on in his case—his other matters at the time, and *it did make it a little difficult to focus on this case and the necessary proofs that we would need.... [T]here might actually be something there to deal with factually that we haven't been able to deal with up to this time simply because our focus was always on these other matters.*

(Emphasis added).