THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM J. BAYER, Defendant-Appellant.

Third District   No. 3—86—0558

Opinion filed August 21, 1987.

Pamela A. Peters, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Following a jury trial, the defendant, William J. Bayer, was convicted of aggravated indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1(a)), aggravated criminal sexual assault, child pornography, and two counts of criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(b)(1), 11—20.1(a)(1)(vii), 12—13(a)(3).) The defendant was sentenced to 14 years each for aggravated indecent liberties and aggravated criminal sexual assault, 10 years for child pornography and eight years for each criminal sexual assault. The defendant appeals.

The salient facts are as follows. In January or February of 1983, the defendant ordered the victim, his then nine-year-old stepdaughter, to go to his bedroom, disrobe and climb under the covers. The defendant also undressed and got under the covers. He then placed his penis in her mouth for three to five minutes and ejaculated. Later that evening, a friend of the victim visited. The defendant ordered both girls to stand naked at the foot of his bed while he got into the bed. Nothing else occurred and the defendant permitted the girls to get dressed. The defendant told the victim's friend that she would be put into a foster home and would never see her parents again if she told anyone about this incident.

On April 10, 1983 or 1984, the defendant and the victim's mother had a fight. During the fight, the defendant went to the victim's bedroom. At the mother's request, the victim went to get the defendant. When the victim entered the room, the defendant asked her to come over to him. The defendant unzipped his pants, placed his penis in the victim's mouth and, after three to five minutes, ejaculated in her mouth.

On February 14, 1985, the victim was awakened by the defendant after she went to bed at around 10 p.m. The defendant began kissing her face. He then pulled down the blanket, pulled up her nightgown

and placed his finger in her vagina, moving it back and forth for two to three minutes.

In October or early November of 1985, the defendant told the victim to pull up her nightgown and open her legs. The victim was naked beneath her nightgown. The defendant took a picture of her. This photograph was admitted into evidence.

On November 4, 1985, between 6 and 6:30 a.m., the defendant came into the victim's bedroom and awakened her. He placed his penis in her mouth where it remained for a few minutes until he ejaculated. The same incident occurred on the next day, November 5, 1985.

The court admitted into evidence various samples taken from the victim on November 5, 1985. A forensic scientist testified that she was able to identify trace amounts of seminal material on swabs taken of the gums, teeth and oral pharynx of the victim. The forensic scientist could not identify the source of the seminal material nor specify when it was deposited.

On appeal, the defendant's first argument is that the trial court erred in admitting evidence of other forcible sexual activity by the defendant to show his common scheme or *modus operandi*. At trial, the court denied the defendant's motion *in limine* to bar the State from presenting evidence of the defendant's forcible sexual activities with another minor, E.E., from 1979 to 1982. The court ruled that the other crimes evidence was admissible to show the common scheme or *modus operandi* of the defendant.

At trial, E.E. testified that while the defendant resided with her mother for three years beginning in 1979, the defendant forced her to perform oral sex approximately once a month. The first act occurred when she was nine years old. E.E. did not tell her mother about these incidents while the defendant was living with them because he said that he would hurt her or her mother. E.E. further testified that the defendant twice photographed her performing sexual acts, once when she was 10 or 11 years old and a second time when she was 12.

The defendant contends that E.E.'s testimony was inadmissible as it was relevant only to show his propensity to commit a crime. He asserts that E.E.'s testimony did not come under any of the exceptions to the prohibition of other crimes evidence, including common scheme or *modus operandi*.

■ It is well established that evidence of a defendant's other crimes or wrongful conduct is inadmissible to show his propensity to commit a crime because it is too prejudicial. (*People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288.) There are, however, well-recognized exceptions to this rule. Such evidence may be admitted to demon-

strate knowledge, intent, identity, motive, common design or scheme, or *modus operandi*. *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 485 N.E.2d 1292.

■ Common design or scheme refers to a larger criminal plan of which the crime charged is only a part. *(People v. Barbour* (1982), 106 Ill. App. 3d 993, 436 N.E.2d 667.) *Modus operandi* refers to a method of operation or pattern of criminal behavior so distinctive that separate crimes or wrongful conduct are recognizable as the work of the same person. *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 485 N.E.2d 1292.

■ The defendant argues, and we agree, that the defendant's activities with E.E. were not representative of a larger common criminal scheme of which the defendant's convictions were only a part. However, the evidence in question was admissible to prove *modus operandi*. Here, the defendant's method of operation with the instant victim and E.E. was startlingly similar. The acts occurred in the girls' homes. Both girls were of about the same age when the defendant began abusing them. They performed similar acts of oral sex on the defendant. The defendant used threats on E.E. and the victim's friend to prevent their disclosing these incidents. The defendant also took explicit photographs of the girls. We find that the trial court properly admitted the evidence of the defendant's prior sexual activities with E.E.

■ The defendant's second argument is that his conviction for aggravated indecent liberties with a child should be reversed because he was prosecuted under a statute which had been repealed and the applicable saving clause did not preserve the State's right to prosecute.

On July 1, 1984, the sexual offenses section of the Criminal Code of 1961 was amended by Public Act 83—1067, adding new sex offenses and repealing, among others, section 11—4.1, aggravated indecent liberties with a child. (1983 Ill. Laws 7251.) The saving clause of the Public Act 83—1067 stated:

> "The abolition of any offense by this Act does not affect any prosecution pending, penalty, punishment, disqualification from office or employment, forfeiture incurred, or rights, powers or remedies accrued under any law in effect immediately prior to the effective date of this amendatory Act of 1983, which related to the abolished offense. The provisions of this amendatory Act insofar as they are the same or substantially the same as those of any prior statute, shall be construed as a continuation of such prior statute and not as a new enactment.

This amendatory Act of 1983 shall only apply to those persons who commit offenses prohibited under Sections 12—13 through 12—16 of the Criminal Code of 1961, as amended, on or after the effective date of this amendatory Act." 1983 Ill. Laws 7251, 7306.

The defendant contends that because the instant prosecution did not commence until November of 1985, it was not a prosecution pending when the Public Act 83—1067 saving clause became effective. Therefore, the defendant concludes, the saving clause did not empower the State to bring the instant prosecution, and the aggravated indecent liberties conviction must be reversed. We disagree.

Section 4 of "An Act to revise the law in relation to the construction of the statutes" provides:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. *** This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." Ill. Rev. Stat. 1985, ch. 1, par. 1103.

It has been held that under the terms of section 4, if the amendment changes the nature of the offense, the former law is not repealed as to offenses arising before the amendment takes effect, and prosecution and sentence under the law in effect at the time of the offense are permitted. (*People v. Palmore* (1983), 113 Ill. App. 3d 926, 446 N.E.2d 911.) As the conduct underlying the defendant's aggravated indecent liberties charge occurred before the instant amendment took effect, we find that the section 4 saving clause preserved the State's right to prosecute the defendant for aggravated indecent liberties with a child. In so holding, we find it inconceivable that the legislature intended that illegal sexual conduct which took place before the statutory change would no longer be criminal.

■ The defendant's final argument is that his conviction for aggravated indecent liberties with a child must be reduced to indecent liberties with a child where the State failed to prove that the defend-

ant inflicted great bodily harm upon the victim, as required by section 11—4.1(a). (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1(a).) We agree. There is no evidence that the defendant caused any bodily harm to the victim. We therefore vacate the defendant's conviction for aggravated indecent liberties with a child. Pursuant to our supervisory power (87 Ill. 2d R. 615(b)(3)), we reduce the offense to indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4), and remand for resentencing appropriate to the reduced offense.

Affirmed in part, vacated in part and remanded.

BARRY, P.J., and SCOTT, J., concur.