STATE of South Dakota, Plaintiff and Appellee,

v.

Clarence CHAMPAGNE, Defendant and Appellant.

No. 15680.

Supreme Court of South Dakota.

Argued Feb. 16, 1988.

Decided May 4, 1988.

---

Richard D. Coit, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

A. Thomas De Vito Jr., Eagle Butte, for defendant and appellant.

WUEST, Chief Justice.

Defendant, Clarence Champagne, appeals his conviction on two counts of sexual contact with a child in violation of SDCL 22–22–7. We affirm.

At trial, the victim, A.P., testified as to three alleged instances of sexual contact. The first incident occurred between July 4 and July 30, 1985 (Count III) when A.P. was fourteen. On that occasion the defendant took A.P. to a swimming area in a pickup truck. When they got back in the truck to leave, the defendant reached over and felt A.P.'s breasts. The second incident occurred sometime between May 1 and June 30, 1986 (Count II). Defendant followed A.P. into her bedroom one afternoon after she had finished sunbathing and blocked the door. He then pushed his hand under her bikini bottom and felt her vaginal area. The third incident occurred between June 15 and June 21, 1986 (Count I). Defendant took A.P. on a gravel road so she could drive the pickup. After A.P. began driving, defendant asked her what he would get in return. He then reached over and began feeling her vaginal area.

Pursuant to SDCL 23A–8–3 defendant presented a pretrial motion to exclude evidence of any reference to prior incidents of sexual contact that allegedly occurred between defendant and R.H. R.H. was adjudicated dependant and neglected and removed from her mother's and defendant's custody in October, 1981, following reports of sexual abuse by defendant. The trial court ruled that the prior bad acts of defendant were admissible under SDCL 19–12–5 to show motive, intent, and opportunity or plan.

R.H., testified that the defendant had sexually abused her on several occasions prior to September, 1981, when she was between thirteen and fifteen years of age. The first incident occurred in 1979, when defendant took R.H. for a ride on a motorcycle out on a gravel road. Defendant stopped the motorcycle and began feeling R.H.'s breasts and vaginal area. In 1981, when R.H. was fourteen, defendant took her for a ride in his pickup on a gravel road. He told her that he wanted to teach her how to drive the vehicle. While she was doing so, defendant reached over, put his hand under her shirt, and began feeling her breasts. In August, 1981, R.H. and defendant were in a pickup when defendant showed R.H. his erect penis and asked her if she wanted to feel it. In September of 1981, defendant showed R.H. a car that was for sale and told her he would buy it for her if she would have intercourse with him.

A jury convicted the defendant on counts two and three. The court sentenced him to

six years in the South Dakota State Penitentiary for each crime; each sentence to run concurrently.

Defendant's main argument on appeal is that the trial court erred in denying his motion to exclude evidence of his prior sexual contacts with R.H. The trial court held that her testimony was admissible under SDCL 19-12-5 to show intent, motive and plan. SDCL 19-12-5 states:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When ruling on the admissibility of "other act" evidence, a trial court must first determine relevancy. *State v. Grooms*, 399 N.W.2d 358 (S.D.1987); *State v. Dokken*, 385 N.W.2d 493 (S.D.1986); *State v. Means*, 363 N.W.2d 565 (S.D.1985). Other acts evidence may not be used to establish the impermissible inference that, since a defendant committed a similar offense on another occasion, he has a propensity to commit the offense under which he is presently charged. *State v. Houghton*, 272 N.W.2d 788 (S.D.1978). However, such evidence is admissible if offered for any other purpose. J. Weinstein & M. Berger, 2 *Weinstein's Evidence*, par. 404[08] (1986). Although the list is not exclusive, the statute lists the most usual instances in which "other acts" will be admissible as long as proof of the intended purpose is relevant to some material issue in the case. *Dokken, supra; See also, United States v. Shaw*, 701 F.2d 367 (5th Cir.1983), *cert. denied*, 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 744 (1984).

If the court determines the evidence is relevant, it must then decide whether the probative value of the evidence substantially outweighs its prejudicial effect. *Grooms, supra; Dokken, supra; Means, supra.* Whether the probative value of the evidence substantially outweighs its prejudicial affect is a question within the sound discretion of the trial court, and the court's decision will not be disturbed absent a clear abuse of discretion. *Grooms, supra; Dokken, supra; Means, supra.*

The state argues the trial court was correct under the "plan" exception in SDCL 19-12-5. The state argues the other acts evidence was admissible proof of the defendant's "modus operandi."

The "plan" exception includes both "common plan, design or scheme" and "modus operandi" situations. *Grooms, supra; Dokken, supra; State v. Willis*, 370 N.W.2d 193 (S.D.1984). The first and less common situation is where one crime is in fact predicated on the commission of another. R. Lempert & S. Saltzburg, A Modern Approach to Evidence, Chap. 4 Sec. 2 (2d Ed.1982). In that situation the "common plan, design or scheme" refers to a larger continuing plan, scheme or conspiracy of which the present crime charged at trial is only a part and which is often relevant to show *motive, intent, knowledge* or *identity*. *State v. Friedrich*, 398 N.W.2d 763 (Wis.1987); *People v. Bayer*, 160 Ill.App.3d 218, 112 Ill.Dec. 43, 513 N.E.2d 457 (1987); *People v. Partin*, 156 Ill.App.3d 365, 109 Ill.Dec. 1, 509 N.E.2d 662 (Ill.App.1987); McCormick, Evidence § 190 (2d Ed.1972). *See also, United States v. Goodwin*, 492 F.2d 1141 (5th Cir.1974); 22 C. Wright & R. Graham, Federal Practice and Procedure, § 5244 (1978); 2 J. Wigmore, Evidence § 304 (1979). The inference is that since the defendant planned to accomplish the design or scheme, he resolved to do the act and therefore probably did it. 2 D. Louisell & C. Mueller, Federal Evidence § 140 (1985).

The exception is more frequently used where two or more crimes appear to have been plotted by the same individual because they exhibit a similar unusual pattern. Distinctive *"modus operandi"* summarizes the rationale on which the evidence is admitted and points out that the perpetrator's *identity* is the purpose for which this kind of evidence is invariably used. *R. Lempert, supra.* "Modus operandi" means method of working and refers to a pattern of criminal behavior that is so dis-

tinctive that separate crimes are recognizable as the handiwork of the same wrongdoer. The evidence is useful to *identify* the accused as the perpetrator of the crime charged. *Partin,* 109 Ill.Dec. 4, 509 N.E. 2d at 665. *See also, State v. Thomas,* 381 N.W.2d 232 (S.D.1986); *State v. Johnson,* 316 N.W.2d 652 (S.D.1982); *Houghton, supra.* The inference is from "modus operandi" to the "identity" of the culprit. Since the defendant acted in a distinctively similar manner on another occasion, it is more likely he (rather then someone else) did the act on the occasion of the charged crime. *D. Louisell, supra;* 2 J. Weinstein, Evidence, par. 404[15] (1986).

"Modus operandi" is not applicable in this case. The state is not attempting to prove it was more likely the defendant (rather than another) who did the acts on the occasions charged. There is no question as to who A.P. has identified as the wrongdoer. Identity is not in issue, and therefore if the "modus operandi" of the defendant is applied here it can only be misused to establish propensity.[1] *Cf. Bayer, supra* ("modus operandi" applicable).

The state claims the trial court was correct in concluding R.H.'s testimony was admissible under the "intent" exception in SDCL 19–12–5. The state argues the question of intent is always an issue in the case of sexual contact with a child because, under SDCL 22–22–7 and SDCL 22–22–7.1, an element of the offense charged is the specific intent to *arouse* or *produce sexual gratification.*

■ Generally, where other acts evidence is used for purposes of establishing the defendant's intent, it is assumed that defendant's commission of the act for which he is on trial is conceded. Evidence of prior similar crimes comes in to show that the act was not done innocently but was done with the requisite criminal intent. *R. Lempert, supra.* Some courts thus require that the defendant must raise the

issue of intent by admitting the act but denying lascivious intent in order for the exception to apply. *People v. Willoughby,* 164 Cal.App.3d 1054, 210 Cal.Rptr. 880 (1985). *See,* Wright & Graham, § 5242. Intent becomes a "material issue" once it is "seriously disputed" in this manner. *Wright & Graham, supra.*

This is not a case where the defendant admits the acts but otherwise denies the requisite intent. Defendant completely denies any touching occurred. However, in *Means, supra,* this court joined those courts that have flatly rejected this dispute requirement and held that where specific intent is an element of an offense, proof of similar acts may be admitted to carry that burden even if the defense to the charge is a complete denial. 363 N.W.2d at 568. *See also, United States v. Chaimson,* 760 F.2d 798 (7th Cir.1985); *United States v. Carter,* 760 F.2d 1568 (11th Cir.1985); *United States v. Shackleford,* 738 F.2d 776 (7th Cir.1984); *United States v. Franklin,* 704 F.2d 1183 (10th Cir.1982); *United States v. Hamilton,* 684 F.2d 380 (6th Cir.1982), *cert. denied,* 459 U.S. 976, 103 S.Ct. 312, 74 L.Ed. 291; *United States v. Sherer,* 653 F.2d 334 (8th Cir.1981), *cert. denied,* 102 S.Ct. 573, 454 U.S. 1034, 70 L.Ed.2d 478; *United States v. Engleman,* 648 F.2d 473 (8th Cir.1981); *Friedrich, supra; State v. Cusick,* 530 A.2d 806 (N.J.Super.1987).

Some courts have indicated that other acts evidence is not admissible to prove intent when the nature of the crime charged clearly implies what the defendant's intent probably was. However, such courts are in the minority and their analysis does not impact on this court's position. *See* R. Lempert, *supra.* In *Shackleford* the Seventh Circuit distinguished those situations where intent is in issue because the government must show specific intent as an essential element of the crime from those where general intent is only a formal issue that can be inferred from the act itself. In the latter situation, intent is not

---

**1.** *Grooms, Dokken* and *Willis* all indicated that the "modus operandi" rationale is included under the plan exception, but none of those cases actually relied on that theory. *Grooms* relied on the "common plan, design or scheme" and

"knowledge" exceptions. *Dokken* relied on "common plan, design or scheme" and on other grounds, *Willis* relied on "common plan, design or scheme."

in issue because the perpetrator's intent may be inferred from the act itself. 738 F.2d at 781. In the former, as in this case, extrinsic evidence of intent is admissible in order for the state to meet its burden under a specific intent crime.

The Fifth Circuit has also adopted the view that extrinsic evidence of intent is not admissible where intent is inferable from the nature of the act charged. *United States v. Webb*, 625 F.2d 709 (5th Cir.1980); *United States v. Ring*, 513 F.2d 1001 (5th Cir.1975). The Texas Court of Appeals has held that other acts evidence is not admissible to prove intent where the probable intent involved in the current offense can be inferred from the act itself or the manner in which the offense was committed, and this is true regardless of whether the essential intent is a material issue. *Wells v. State*, 730 S.W.2d 782 (Tex.App.1987); *Morgan v. State*, 692 S.W.2d 877 (Texas Crim.App.1985). However, this result is explained by the fact that Texas, like the Fifth Circuit, has repudiated the distinction between specific and general intent crimes. *United States v. Adderly*, 529 F.2d 1178 (5th Cir.1976).

■ Under the facts of this case, defendant's specific intent was in issue and the other acts evidence concerning R.H. was relevant to establish defendant's intent with regard to A.P. The trial court examined the need for the evidence and determined the prejudice did not substantially outweigh its probative value. We cannot find that the trial court abused its discretion in so concluding.

Defendant raises several other issues in this case. He argues the trial court should have dismissed the charges because the counts in the information were indefinite and lacked specificity as to the dates of the alleged offenses. He also argues the trial court should have granted his pretrial motion to sever the counts set forth in the information and conducted a separate trial on each count. Finally, he argues that the extent to which the trial court limited his cross-examination of witnesses at trial deprived him of his right to confront the

witnesses against him. We have examined these arguments and find them without merit.

Judgment affirmed.

MORGAN and MILLER, JJ., concur.

HENDERSON, J., specially concurs.

SABERS, J., dissents.

HENDERSON, Justice (specially concurring).

Pedophilia is a type of sexual perversion in which children are the preferred sexual object.

Appellant testified he did not sexually molest A.P.

A.P. testified she was sexually molested by appellant.

R.H., a sister of A.P., who lived in the same household (at one time) * with appellant and her sister, testified that at a time not remote to A.P.'s molestation, she was sexually molested by appellant.

This appellant committed acts which were similar—evincing a plan and a scheme —to sexually molest the little girls in this household. He would, *inter alia*, try to isolate them from other members of the family—using family transportation—and then perpetrate his sexual advances and contacts.

Though I believe this Court has been far too liberal in the past in affirming some convictions where certain "bad acts" were used, it is my opinion that the credibility of A.P. and appellant were greatly in dispute; R.H.'s testimony was sufficiently probative and relevant for admission under SDCL 19–12–5. Acts against R.H. were not remote-in-time, nor were they extrinsic, for they were within the family circle.

SABERS, Justice (dissenting).

I would reverse and remand for a new trial because the trial court erred in denying defendant's motion to exclude evidence of prior sexual contacts with R.H., the victim's step-sister. The trial court held that

---

* R.H. was removed therefrom through a dependency/neglect action.

her testimony was admissible under SDCL 19–12–5 to show intent, motive, and plan.

As stated by the majority opinion, other acts evidence may not be used to establish the impermissible inference that, since the defendant committed a similar offense on another occasion, he has a propensity to commit the offense under which he is presently charged. However, that is exactly what the majority opinion allows in this case.

I agree that a trial court must first determine relevancy. To be admissible, "other acts" must be relevant to some material issue in the case. *United States v. Shaw,* 701 F.2d 367 (Fifth Cir.1983), *cert. denied* 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 744 (1984). State's counsel must be prepared to (1) identify the consequential fact (motive, opportunity, etc.) to which the proffered evidence of other crimes, wrongs or acts is directed, (2) prove the occurrence of the other crimes, wrongs or acts, and (3) articulate precisely how the consequential fact (motive, opportunity, etc.) may be inferred from the proffered evidence. J. Weinstein and M. Berger, 2 *Weinstein's Evidence* § 404, ¶ 08 (1986). The majority opinion wholly fails to show how the proffered evidence is relevant to some material issue in this case; the trial court also failed to show relevancy. Obviously, the proffered evidence may be generally relevant to the crime charged but in order to be admissible it must be relevant to some material issue in the case. For this purpose we must examine the three factors relied upon by the trial court: (1) intent, (2) motive, and (3) plan.

1. Intent was not a material issue in this case. Champagne was charged with violating SDCL 22–22–7 (sexual contact with a minor). SDCL 22–22–7.1 defines sexual contact as a touching "with the intent to arouse or gratify the sexual desire of either party." This specific intent element was required to be proved beyond a reasonable doubt. However, this is not a case where the accused bathes a child or has contact under such circumstances where he admits touching the child but denies any criminal intent. *See State v.*

*Rose,* 324 N.W.2d 894 (S.D.1982). As the majority opinion indicates, courts have held that the question of intent is *not* an issue if the defendant does not raise the issue of intent in this manner (because defendant denies the touching occurred) or if the nature of the charge clearly implies what the defendant's intent probably was. Champagne denied the alleged incidents of touching occurred; he did *not* claim that the incidents occurred but that the touching was accidental or innocent. Therefore, no dispute existed. The majority opinion points out that this court flatly rejected the dispute requirement in *State v. Means,* 363 N.W.2d 565 (S.D.1985). We were wrong to do so and we should reinstate the dispute requirement.

State claims the trial court was correct in concluding witness R.H.'s testimony was admissible under the "intent exception in SDCL 19–12–5." The State even refers to SDCL 19–12–5 as an "inclusionary" rule. In my view and in the view of many of the cases and treatises this is a clear misinterpretation of the rule. R.H. was not the victim in the case at trial and testimony concerning the defendant's prior bad acts with her was not relevant to the issue of the defendant's intent as to the alleged criminal acts in this case. To admit evidence of the intent which the defendant may have had in an alleged prior bad act to be used to prove the alleged intent of the defendant in the charged crime is to raise this specific intent to the level of an immutable character trait. The result of admitting this testimony is no different from allowing the State to assert that the defendant has a continuing character flaw and that he acted in conformity therewith. Lest we all forget, the relevant issue really is whether the defendant committed the acts charged.

Other courts have acknowledged that as to evidence of other occurrences a distinction exists between sexual molestation cases and other crimes. *See State v. Friedrich,* 135 Wis.2d 1, 398 N.W.2d 763 (1987). However, this distinction and the greater latitude given to admission of prior bad acts in sex crimes is and should be exercised only in the context of same de-

fendant/same victim. The rationale for creating the distinction is that the victim's testimony as to prior similar acts by the defendant is necessary to "disclos[e] the relationship between the parties, [the] opportunity and inclination to commit the act complained of, and [to] corroborat[e] ... the specific charge." *State v. Haala,* 415 N.W.2d 69, 77 (Minn.App.1987). Testimony *by the victim,* but not by her step-sister, as to prior instances of sexual contact by the defendant may be relevant to the issue of intent in a charge for a violation of SDCL 22–22–7.

2. Plan was not a material issue in this case. The State claims plan includes "common plan or scheme" and "modus operandi." It is obvious from a fair reading of pages 3 and 4 of the majority opinion that plan, scheme, or modus operandi were not material issues in this case under those cases and definitions. Other courts have indicated that modus operandi means the defendant's handiwork or signature on a crime. However, this cannot be a material issue in this case because identity was not at issue. Defendant's defense was that he did not commit the acts and not that he was wrongly identified as the person who did. The majority opinion seems to concede these points, at least on modus operandi.

3. Motive was not a material issue in this case. As indicated above, the trial court also relied on the motive exception.

However, it is obvious that motive cannot be a material issue where the defense is that the defendant did not commit the acts charged. This clearly makes motive a non-issue.

In summary it is clear that fair trials require a new interpretation of SDCL 19–12–5. We must stop allowing the first sentence of SDCL 19–12–5 from being "entirely swallowed up by the second sentence." * We must enforce the rule.

The prejudicial effect of R.H.'s testimony substantially outweighed any possible probative value because probative value relates to material issues as indicated above. In addition, R.H.'s testimony was persuasive, more specific, and more credible, than the testimony of the victim herself. Whether the evidence from the victim and other witnesses was sufficient to enable the State to obtain a conviction is a difficult question. To force the defendant to defend himself against the victim's testimony and that of R.H. denied him a fair trial and the prejudice substantially outweighed the minimal probative value.

---

* *State v. Rufener,* 392 N.W.2d 424, 428 (S.D.1986)

(*Rufener I*) (Morgan, J., concurring specially).