**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Rodney Dean CHAPIN, Defendant and Appellant.**

**No. 16871.**

Supreme Court of South Dakota.

Considered on Briefs May 25, 1990.

Decided Sept. 12, 1990.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Dale A. Wein, Aberdeen, for appellant.

PER CURIAM.

A jury convicted Rodney Dean Chapin (Chapin) of grand theft by receiving stolen property. Chapin's five prior burglary convictions were introduced at trial as "bad act" evidence. We reverse Chapin's conviction and hold that the admission of the prior convictions, under the unique facts presented in this case, constituted an abuse of the trial court's discretion.

### FACTS

Between April 26 and May 7, 1988, the Aberdeen home of Craig Bower (Bower) was burglarized. Among the items stolen were approximately 20 guns. A friend of Chapin said she observed Chapin in possession of a number of guns during his move to Ft. Pierre. Bower informed the police. Chapin acknowledged that he had the guns but denied any knowledge of the burglary. Chapin turned the guns over to the police

and assisted them in recovering several guns he had sold to a Ft. Pierre pawn shop. Chapin was charged with four counts: grand theft, burglary, grand theft by receiving stolen property and perjury.

Chapin had five prior burglary convictions arising out of three criminal incidents. At pretrial hearings, Chapin moved to exclude his prior criminal record. The prosecutor resisted the motion to exclude arguing generally that the prior convictions "would be important to show for other purposes of proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." The prosecutor added, "We feel that it serves a habit, a pattern of ongoing criminal activity." The trial court denied Chapin's motions to exclude the prior convictions finding that "the current charges which, as the Court noted, were all committed the same day, that being the first degree burglary, grand theft and possession of stolen property, are similar in nature to the previous burglaries." As required, the trial court entered findings of fact regarding the prior convictions. These findings were generic in nature and simply stated that the prior convictions were admissible as showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

### DECISION

■ We are confronted with this question: Did the trial court err in allowing admission of "bad act" evidence? A trial court's decision to admit bad act evidence will not be overturned unless the trial court abused its discretion. *State v. Houghton*, 272 N.W.2d 788 (S.D.1978). After carefully reviewing the record, we conclude that the trial court abused its discretion in admitting evidence of Chapin's prior convictions and, thus, we reverse Chapin's conviction.

SDCL 19–12–5 provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ SDCL 19–12–5 is a rule of general inadmissibility with limited exceptions. *See e.g. State v. Titus*, 426 N.W.2d 578 (S.D.1988). The rule itself sets forth some, but not all, of the exceptions. *State v. Champagne*, 422 N.W.2d 840 (S.D.1988); *State v. Dokken*, 385 N.W.2d 493 (S.D. 1986). When applying these limited exceptions, several Justices of this Court have pointed out that the trial courts must be ever vigilant so that the exclusionary sentence of SDCL 19–12–5 is not entirely swallowed up by the exceptions. *See Titus*, 426 N.W.2d at 581–82 (Henderson, J., concurring specially); *Champagne*, 422 N.W.2d at 846 (Sabers, J., dissenting); *State v. Rufener*, 392 N.W.2d 424, 429 (S.D.1986) (Morgan, J., concurring specially).

■ Trial courts must follow a two step process to determine whether bad act evidence is admissible. *Champagne*, 422 N.W.2d at 842. First, the trial court determines if the bad act evidence is relevant to the issues on trial. *Id.* Once relevancy has been established, the trial court must determine if the probative value of the evidence substantially outweighs its prejudicial effect. *Id.*

To perform this balancing test, the court must analyze the nature and facts of the prior bad acts. An example of this analysis is found in *Titus*, 426 N.W.2d at 580, where we affirmed the trial court's admission of evidence of eight year old convictions. In *Titus*, the trial court was presented with substantial evidence of the nature and facts of the previous crimes which tended to establish similarity between the prior crimes and the crime then on trial. The evidence showed that: (1) Titus knew the victims and had been in their homes; (2) the crimes all occurred in the same geographic area where Titus lived; (3) entry was gained by forcing a back door facing an alley; (4) Titus knew the victims would be away; (5) the crimes took place at approximately the same time

of night; and, (6) each burglary involved stereo equipment. *Id.*

■ In each case in which bad act evidence is sought to be admitted, the trial court should identify the applicable exception and perform an analysis of the facts and nature of the prior bad acts, as reflected in *Titus.* To enable the court to perform that analysis, the party seeking the admission of bad act evidence must produce evidence of the nature and facts of the prior bad acts. The record in this case is virtually devoid of any evidence concerning the nature or facts of Chapin's prior bad acts. The only information which the trial judge was provided concerning Chapin's prior convictions was a Part II information for habitual offender which provided only the barest essential facts:

> September 19, 1980, Dickey County, North Dakota, Southeast Judicial District, Burglary

> September 19, 1980, Dickey County, North Dakota, Southeast Judicial District, Burglary

> June 25, 1980, Day County, South Dakota, Fifth Judicial Circuit, Third Degree Burglary

> June 25, 1980, Day County, South Dakota, Fifth Judicial Circuit, Third Degree Burglary

> March 13, 1978, Brown County, South Dakota, Fifth Judicial Circuit, Third Degree Burglary Suspended Imposition of Sentence—On February 26, 1979 Suspended Imposition of Sentence revoked and Defendant sentenced to South Dakota State Penitentiary.

Attached to the Part II information were copies of the prior criminal judgments, which provided a very cursory description of the prior crimes. The September 19, 1980 convictions arose out of the burglary of the Ranch House Bar in Fullerton, North Dakota, and the second count was burglary of Bobbe's Service in Forbes, North Dakota. The judgment of the June 25, 1980 convictions provides no factual information, but an attached copy of the complaint describes each count as a burglary of an unoccupied premises. The first count relates to the burglary of the Flemmer Shop in Andover, South Dakota, and the second count relates to the Pierpont Store in Pierpont, South Dakota. The record before the trial court contains no information of any kind as to the facts underlying the 1978 conviction. There is no way of determining from the record before the trial court what type of premises were involved or what type of items were stolen.

■ The trial court was not provided enough information concerning Chapin's prior convictions to accurately perform the balancing test required by SDCL 19–12–5. More importantly, the jury was told only one fact: Chapin had five prior burglary convictions. The jury was presented with *absolutely no evidence* of the nature or facts surrounding Chapin's prior convictions that would enable it to determine if the prior convictions established motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or any other arguable exception to SDCL 19–12–5. The jury could only use the bare fact of prior convictions for one purpose: to infer that because Chapin had committed crimes before, it tended to show that he was acting in conformity therewith. That is exactly what SDCL 19–12–5 is intended to prevent.

■ We hold that the trial judge abused his discretion in admitting evidence of the prior bad acts without requiring meaningful evidence of the nature and facts of the prior convictions. Parties seeking the admission of prior bad acts must present the court with sufficient information concerning the prior bad acts to enable the court to determine relevancy and perform the balancing test. Moreover, it would be advisable and practical for practitioners to identify the specific exception under which the bad act evidence is sought to be admitted. Only by performing a meaningful analysis of each case can the courts assure that the exceptions do not, in fact, entirely swallow the rule of inadmissibility. The conviction

is reversed. Because of the reversal of Chapin's conviction, we deem it unnecessary to address the other two issues presented by Chapin: i.e., did the trial court err in quashing a subpoena to the Unified Judicial System, and whether Chapin was denied proportionality in sentencing.

MILLER, C.J., disqualified.