**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Gary Lynn LOOP, Defendant and Appellant.**

**No. 17252.**

Supreme Court of South Dakota.

Argued April 22, 1991.

Decided Oct. 30, 1991.

---

Mark Barnett, Atty. Gen., Pierre, Frank E. Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Cynthia Howard, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

BERNDT, Circuit Judge.

Gary Lynn Loop (Loop), was convicted of sexual contact with a minor child, (SDCL 22–22–7), and being an habitual offender. We affirm.

In late October 1989, Loop met P.B., victim's mother. During the course of their brief relationship, Loop was introduced to the ten-year-old victim.

On the evening of October 31, 1989, Loop went with P.B.'s family on their Halloween trick-or-treat rounds and accompanied the family to its home. Upon returning home that night, P.B. instructed the victim to take a bath and ready herself for bed.

Before going to bed the victim went into the kitchen for a piece of candy. After she found the candy, she went into the living room where Loop was seated on the couch. Victim offered Loop some candy and then sat on his lap. While holding victim on his lap, Loop inserted his hand under the victim's nightshirt and fondled her breast.

Because P.B. was talking on the telephone, the victim was not able to tell her what had happened. It was only after Loop left that victim approached her mother and explained he had touched her inappropriately.

This matter was referred to law enforcement authorities; Loop denied all allegations of impropriety.

Loop was arrested on a charge of sexual contact with a minor. A grand jury indictment was returned and Loop was arraigned on the principal charge and a Part II Habitual Offender Information.

When the matter came on for trial Loop filed a number of motions in limine. Included among these was a motion to preclude evidence regarding his prior felony criminal record. The trial court ruled that the evidence of Loop's prior criminal convictions was more prejudicial than probative and thus, not admissible, subject to a later motion.

During the course of the trial, Loop took the witness stand and denied ever having sexually molested the victim. At the close of defense counsel's direct examination of Loop, the following discourse took place:

DEFENSE COUNSEL: Did you have any intent to touch a ten-year-old girl to sexually gratify yourself?

[LOOP]: A ten-year-old girl wouldn't sexually gratify me. I was going out with her mother. There is no point.

DEFENSE COUNSEL: What did you say, you had your hand up by your mouth?

[LOOP]: I was going out with her mother. There is no point of sexual gratification with her daughter.

DEFENSE COUNSEL: That's all I have.

At that point, prior to the commencement of cross-examination of Loop, the state asked to approach the bench. The jury was excused and a brief recess was taken.

While outside the presence of the jury, the state urged the court that it be allowed to question Loop concerning the specific nature of his prior felony convictions. In granting the state's request, the court found that:

Well, there is no question one thing the court has to determine is whether or not it is relevant. It is. The next thing that I have to do is a balancing test as to whether or not the prejudicial effect outweighs the probative value.

\* \* \* \* \* \*

But here, [Loop] has testified that he touched the victim and he has gone on further to testify that he did not do it with any intent to gratify himself sexually or in any way to have any sexual connotation with it. That puts that in issue in this court's mind. So, I am going to allow you just to ask on cross-

examination about his convictions, what they were, and that's it.

Pursuant to the court's holding, the state then cross-examined Loop:

QUESTION: In fact, you were convicted of attempted second degree sexual assault there in Colorado on July 22, 1980; isn't that true?

ANSWER: I pled guilty to that.

DEFENSE COUNSEL: I am going to object to that line of questioning, Your Honor. I think it goes beyond the scope of your prior ruling as well.

THE COURT: Overruled. That's as far as he goes. You have a standing objection to it, counsel.

QUESTION: Did you ever live in Deadwood, South Dakota?

ANSWER: Yes.

QUESTION: When did you live there?

ANSWER: About mid–1976 to 1979. December 1979, I think, or later, sometime in 1979.

QUESTION: And, in fact, you were found guilty of sexual contact with a minor in Deadwood, South Dakota, on November 13, 1981; isn't that a fact?

ANSWER: That's correct.

Loop contends on appeal that the trial court committed error based on the unduly prejudicial nature of the court's rulings relating to Loop's prior felony convictions.

### ISSUE PRESENTED

WHETHER THE STATE WAS ENTITLED TO IMPEACH LOOP ON CROSS–EXAMINATION BY ELICITING TESTIMONY AS TO THE SPECIFIC NATURE OF HIS PRIOR FELONY CONVICTIONS?

SDCL 19–14–12 states:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime

(1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or

(2) involved dishonesty or false statement, regardless of the punishment.

*See* Rule 609(a), Fed.R.Evid.

▪ In this case, Loop took the witness stand and testified on direct examination that "[a] ten-year-old child wouldn't sexually gratify me." By way of this testimony, Loop represented to the trial court and the jury that he did not hold any affection or attraction toward young children. Accordingly, state's evidence about Loop's prior felony convictions was admissible to attack his credibility. In effect, Loop "opened the door" to this type of impeachment. *State v. Byrum*, 399 N.W.2d 334 (S.D.1987); *State v. Thomas*, 381 N.W.2d 232 (S.D.1986).

▪ "Rulings made under SDCL 19–14–12 are discretionary and the standard of review on appeal is that an abuse of discretion is required for reversible error." *State v. Shult*, 380 N.W.2d 352, 355 (S.D.1986); *State v. King*, 346 N.W.2d 750 (S.D.1984); *State v. Dickson*, 329 N.W.2d 630 (S.D.1983); *State v. Cochrun*, 328 N.W.2d 271 (S.D.1983); *State v. Sahlie*, 245 N.W.2d 476 (S.D.1976).

▪ The passage cited earlier from the trial court's ruling on this issue clearly shows that the trial court balanced the probative value of Loop's prior felony convictions against their prejudicial effect and made a finding that the probative value of admitting the evidence outweighed the prejudice. Therefore, we find no abuse of discretion and affirm the trial court's admission of Loop's prior felony convictions.*

---

* Loop places great emphasis on *State v. Chapin*, 460 N.W.2d 420 (S.D.1990), in support of the proposition that his prior felony convictions should not have been admitted into evidence since they were "prior bad acts" and therefore inadmissable under SDCL 19–12–5. (404(b) Fed.R.Evid.)

Defendant's reliance on *Chapin* is misplaced. This is not a 404(b) case because the evidence of Loop's prior felony convictions was clearly admissable under SDCL 19–14–12 to impeach his credibility.

## ISSUE PRESENTED

WHETHER LOOP WAS ENTITLED TO A JUDGMENT OF ACQUITTAL BASED ON THE ALLEGED INSUFFICIENCY OF EVIDENCE.

Loop argues that there was simply no credible evidence from which the jury could have reasonably found that he was guilty of sexual contact with a minor. We do not agree. There was ample evidence to support his conviction. The victim in this case testified and the jury clearly found that the victim's testimony was more credible than that of Loop. We do not pass on the credibility of witnesses. *State v. Blakey*, 332 N.W.2d 729 (S.D.1983).

We affirm the conviction.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.

BERNDT, Circuit Judge, for AMUNDSON, J., disqualified.