**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Lisa McDONALD, Defendant and Appellant.**

No. 17879.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1993.

Decided May 19, 1993.

Mark Barnett, Atty. Gen., John M. Strohman, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

David R. Gienapp, Arneson, Issenhuth & Gienapp, Madison, for defendant and appellant.

WUEST, Justice.

A jury convicted Lisa McDonald (McDonald) of one count of unauthorized possession of a controlled substance. She appeals from the judgment. We affirm.

## FACTS

McDonald was arrested at her place of employment on drug charges unrelated to this appeal. Pursuant to the arrest, her purse was searched at the Mitchell Police Station. The jail matron and the arresting officers found a folded paper packet in McDonald's billfold. Subsequent testing showed the folded packet contained cocaine.

McDonald was charged with possession of cocaine in violation of SDCL 22–42–5 and 34–20B–16(1). At trial, the State introduced evidence of three prior acts of McDonald involving cocaine. First, a Mitchell police detective testified that on a different occasion, while conducting a legal search of McDonald's purse, he discovered a mirror with a white powdery substance on it and a hollowed-out BIC pen. The state chemist testified the powdery substance was cocaine. Second, a former co-worker testified that McDonald had given her cocaine while they were working together in October of 1989. A third witness testified she had seen McDonald snorting cocaine while she was at McDonald's residence. McDonald was not convicted of any crimes arising from the prior acts.

1. SDCL 19–12–5 provides:
    Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be

At her trial, McDonald testified the folded paper packet containing the cocaine had been given to her by Mike, a young man she met at a bar in Sioux Falls five days before her arrest. She claimed Mike bought her a drink and handed her a folded paper she thought contained his phone number which she tucked into her billfold without looking.

She appeals from her conviction raising four issues which we address in order, noting additional facts where necessary.

## ANALYSIS

### I. THE TRIAL COURT DID NOT ERR IN ADMITTING TESTIMONY OF OTHER BAD ACTS EVIDENCE.

Prior to trial, the State filed a motion seeking to have evidence of other bad acts of McDonald's admitted into evidence pursuant to SDCL 19–12–5.[1] The trial court admitted some of the evidence. On appeal, McDonald claims the trial court erred in admitting the evidence as it was too unreliable to meet the standard of admissibility, the prior acts were too remote in time to have sufficient probative value, and its probative value was outweighed by its prejudicial effect.

The trial court's decision to admit other act evidence will not be overruled absent an abuse of discretion. *State v. Werner*, 482 N.W.2d 286, 288 (S.D.1992). The trial court must follow a two-step approach when ruling on the admissibility of other acts testimony:

(1) Whether the intended purpose for offering the other acts evidence is relevant to some material issue in the case, and

(2) Whether the probative value of the evidence is substantially outweighed by its prejudicial effect.

*Werner*, 482 N.W.2d at 288. Additionally, the trial court must identify the exception under which the bad acts evidence is admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

sought to be admitted. *Werner*, 482 N.W.2d at 289.

McDonald claims the trial court erred in admitting the prior bad acts evidence as *Rose* requires a finding the act is supported by substantial evidence. *State v. Rose*, 324 N.W.2d 894, 896 (S.D.1982). *Rose* merely points out "[t]he trial court was careful to insure that the other crimes evidence was substantial." *Id.* It does not creates a new standard beyond SDCL 19–12–3.[2] The strength of the evidence offered is already part of the relevancy determination.

McDonald asserts *Sieler* requires a prior bad act be established by clear and convincing evidence. *State v. Sieler*, 397 N.W.2d 89, 94 (S.D.1986). Again, the language in *Sieler* only notes the trial court found the evidence was "clear and convincing." It does not create a new standard. In fact, in *Sieler* we rejected adopting an additional requirement for admission of bad acts evidence under SDCL 19–12–5. *Sieler*, 397 N.W.2d at 93. The reliability of the evidence sought to be admitted is already an inherent part of the tests the court must perform. *State v. Titus*, 426 N.W.2d 578, 580 (S.D.1988). We decline to adopt an additional standard for a trial court to balance before deciding to admit or exclude prior bad acts.

McDonald next claims the prior acts were so remote in time that their admission was prejudicial. All three acts had occurred within the previous thirteen months. We have stated, "[w]hether prior acts are too remote must realistically depend on their nature." *State v. Wedemann*, 339 N.W.2d 112, 115 (S.D.1983). We look at the totality of the circumstances to determine whether an act is too remote in time in determining its probative value. *Titus*, 426 N.W.2d at 580 (similar

act eight years earlier was properly admitted). The lapse of one year since three prior acts involving cocaine was not so long a time as to outweigh the probative value and render admission of the evidence unfairly prejudicial to McDonald.

The trial court specified the other acts evidence was admitted to show intent, knowledge, and absence of mistake or accident. The element of knowledge is an essential part of SDCL 22–42–5.[3] Where McDonald claimed she did not know the folded paper packet contained cocaine, knowledge and absence of mistake or accident were clearly relevant. We have held that an element of a crime may be established through the use of other acts testimony:

> [W]here it is made clear at the outset of the trial that the defendant's principal defense is lack of knowledge or intent, and thus the issue is unarguably in dispute, the government may ... introduce the [other acts] evidence[.]

*Werner*, 482 N.W.2d at 290 (quoting *United States v. Estabrook*, 774 F.2d 284, 289 (8th Cir.1985)). The *Estabrook* court reasoned, "The admission of other act evidence to prove knowledge is premised on the hypothesis that it is unlikely that repetitive involvement in criminal conduct will leave a defendant oblivious to the character of the acts in question." *Id.* at 288 (citing 2 J. Weinstein & M. Berger, *Weinstein's Evidence* § 404(13), at 404–72 (1982)). The other acts evidence was admissible to establish knowledge.

The trial court did the required balancing on the record: "the other acts evidence [is] relevant as its probative value substantially outweighs its prejudicial effect." The court identified the limited exceptions under which the evidence was admitted as intent, knowledge, and absence of mistake

---

**2.** SDCL 19–12–3 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**3.** SDCL 22–42–5 provides:

No person may knowingly possess a controlled drug or substance unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by chapter 34–20B. A violation of this section is a Class 5 felony.

or accident. During testimony, the trial court instructed the jury four times that bad acts evidence was admitted for limited purposes. Additionally, a separate jury instruction again cautioned the jury the other acts evidence could only be considered for the limited purposes stated. *State v. Basker*, 468 N.W.2d 413, 416 (S.D.1991); *State v. Chapin*, 460 N.W.2d 420, 422 (S.D.1990).

"While the evidence of other crimes was undoubtedly prejudicial to appellant, the operative words of SDCL 19–12–3 are 'substantially outweighed' and 'unfair.'" *Rose*, 324 N.W.2d at 896. Here, the trial court determined the acts had probative value which was not substantially outweighed by the danger of unfair prejudice. The court performed the balance carefully as evidenced by the fact that it did reject some evidence sought to be introduced as being too remote. Additionally, the court repeatedly directed the jury as to the limited purposes for which it could consider the testimony.

The trial court did not abuse its discretion in admitting the other acts evidence.

## II. THE TRIAL COURT DID NOT ERR IN GRANTING THE STATE'S MOTION IN LIMINE CONCERNING THIRD PARTY PERPETRATOR EVIDENCE.

a. *McDonald was not prejudiced during her opening statement by the court's order regarding third party perpetrator evidence.*

The State filed a motion in limine requesting the court prohibit McDonald from presenting any third party perpetrator evidence "until and unless the defendant makes a showing that such evidence meets the standard set forth in *Luna*." *State v. Luna*, 378 N.W.2d 229 (S.D.1985); *See also State v. Braddock*, 452 N.W.2d 785 (S.D. 1990); *State v. Jenner*, 451 N.W.2d 710 (S.D.1990). After argument, the court issued an order prohibiting McDonald from introducing any third party perpetrator evidence unless a showing was first made to the court. She was not prevented from making a general denial. McDonald did not make any showing to the court regard-

ing admission of third party perpetrator evidence.

In *Luna*, this court adopted the third party perpetrator rule. We said, "to be admissible, the evidence must show some change of circumstances, of facts or train of facts to point out the possible guilt of a third party other than the defendant." *Luna*, 378 N.W.2d at 232. The balancing test requires the court to balance the importance of the evidence against the State's interest in excluding unreliable evidence. *Luna*, 378 N.W.2d at 234. The balancing is necessary to protect both the right of the defendant to defend against the accusations and the State's interest in reliable and efficient trials. *Id*. at 233. In *Braddock*, we reiterated the third party perpetrator rule was adopted to avoid consideration of matters collateral to the crime and avoid the use of bare suspicion. *Braddock*, 452 N.W.2d at 790.

During opening statement, defense counsel began McDonald's story of how the packet with cocaine had been given to McDonald by Mike. State objected. A meeting was held in chambers at which time the judge ruled McDonald could not introduce the third party perpetrator evidence without sufficient notice to the court to permit the balancing required under *Luna*. Upon return to the courtroom, defense counsel related how McDonald met Mike in the bar; State objected and was overruled. When defense counsel told about Mike giving McDonald the paper packet, State's objection was sustained and the jury was directed to disregard defense counsel's last statement. Defense counsel finished his opening statement, telling the jury McDonald did not know what was in the packet the young man had given her.

During presentation of the defense, the trial court reversed its earlier ruling. Both McDonald and a defense witness testified as to events in the bar. No balancing of third party perpetrator evidence was done. McDonald now claims she was prejudiced by being prevented from making a "full" opening statement.

Despite the judge's order requiring the defense to make a showing to the court before presenting third party perpetrator evidence, McDonald was able to present her third party perpetrator evidence without making the showing required under *Luna*. As in *Braddock*, eventually all of McDonald's evidence came before the jury. 452 N.W.2d at 790. The flow of defense counsel's opening statement was interrupted by objections, but the main idea was presented during opening statement and the case was fully developed later in the proceedings. McDonald suffered no prejudice through interruption of the opening statement—all significant evidence was eventually heard by the jury.

b. *The court did not err in denying McDonald's motion for mistrial regarding third party perpetrator evidence.*

Outside the presence of the jury, McDonald motioned for a mistrial both during her opening statement and after the State had rested. The motion was based on McDonald's argument she was unable to give a full opening statement.

We will not disturb a trial court's ruling on a motion for a mistrial absent a "clear abuse of discretion." *State v. Kidd,* 286 N.W.2d 120, 122 (S.D.1979). We have already determined that McDonald suffered no prejudice as the evidence was fully developed before the jury. The trial court did not abuse its discretion in denying McDonald's motions for mistrial.

## III. THE TRIAL COURT DID NOT ERR IN GIVING JURY INSTRUCTION NO. 10.

Jury Instruction No. 10 stated:
Though not conclusive and an inference you may reject, possession on the defendant's person is sufficient to permit an inference that she knows what she possesses.

■ McDonald claims the instruction created a permissive inference which unconstitutionally shifted the burden of proof to her. "Jury instructions relieving State of [the burden of proof beyond a reasonable doubt] violate a Defendant's due process rights." *Carella v. California,* 491

U.S. 263, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989), *reh'g denied,* 492 U.S. 937, 110 S.Ct. 23, 106 L.Ed.2d 636 (1989).

The United States Supreme Court held in *Francis v. Franklin,* that a permissive influence would violate the Due Process Clause only if "the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). This court has held a permissive inference that suggests a possible conclusion, but does not require the drawing of the conclusion, "is constitutionally infirm 'only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.' " *State v. Traversie,* 387 N.W.2d 2, 8 (S.D.1986) (quoting *Francis,* 471 U.S. at 314–15, 105 S.Ct. at 1971, 85 L.Ed.2d at 353–54).

Testimony at trial established McDonald was familiar with cocaine and knew that it was stored in square, folded packets of paper. Testimony proved the cocaine was in McDonald's possession. We have previously held:

[P]ossession alone suffices to permit the inference that the possessor knows what he possesses, especially, if it is in his hands, on his person, in his vehicle, or on his premises.

*State v. Jahnz,* 261 N.W.2d 426, 428 (S.D. 1978). The jury was free to infer from the evidence presented that McDonald knowingly possessed cocaine. The jury was also instructed it must find all of the elements of possession were proved beyond a reasonable doubt before it could pronounce McDonald guilty. The jury instructions as a whole provided a full and correct statement of the applicable law. *State v. Grey Owl,* 295 N.W.2d 748, 751 (S.D.1980). The trial court did not err in giving Instruction No. 10 to the jury.

## IV. THE TRIAL COURT DID NOT ERR IN DENYING McDONALD'S MOTION FOR JUDGMENT OF ACQUITTAL.

■ The standard of review of a trial court's denial of a motion for acquittal

is whether the State has made out a prima facie case from which a jury could reasonably find the defendant guilty. *State v. Blakey*, 332 N.W.2d 729, 731 (S.D.1983). In making this determination, the court will accept the evidence and the most favorable inferences that can be fairly drawn from the evidence in the light most favorable to support the verdict. *State v. Wilson*, 297 N.W.2d 477, 480 (S.D.1980).

■ The State presented evidence that McDonald was guilty of knowing possession of cocaine. The court then ruled the State had presented sufficient evidence for the matter to go to the jury. McDonald then presented her defense and introduced evidence the cocaine was given to her by an unknown third party. Where conflicting evidence is presented, it is for the jury to weigh the evidence and determine the credibility of the witnesses and the testimony presented. *State v. Peck*, 459 N.W.2d 441, 444 (S.D.1990). The jury found McDonald guilty.

It is clear that the State made out a prima facie case against McDonald which the jury believed. The trial court correctly denied McDonald's motion for a judgment of acquittal.

MILLER, C.J., and AMUNDSON, J., concur.

HENDERSON, J., concurs with a writing.

SABERS, J., concurs specially.

HENDERSON, Justice (concurring).

Concerning the third party perpetrator rule as established in *Luna*, it was my opinion then, as it is now, that there was "a train of facts to point out the possible guilt of a third party other than the defendant." Henderson, J., dissenting at 239, 240. Thus, Luna's proffered evidence should not have been kept from the jury.

In *Braddock*, as in this case, the evidence eventually was brought to the jury's attention. Hence, there appears to be no prejudice. In *Luna*, it appeared to be highly prejudicial (a violent drunk enters a store with blood on him, shortly after the crime and only a half block therefrom, and later expresses to a companion that he was a killer for hire—all kept from the jury).

Regarding jury instruction #10, the plain language of the instruction was not a "mandatory" presumption; it was a "permissive" presumption. Furthermore, the trial judge limited the instruction by specifically instructing the jury that it was "not conclusive" and "an inference you may reject." *See, State v. McDonald*, 421 N.W.2d 492 (S.D.1988).

I concur and would affirm the trial court in all respects.

SABERS, Justice (concurring specially).

I write specially to point out my agreement with the ruling of admissibility of the three prior acts once it was clear that the *real issue* was whether McDonald knew the packet contained cocaine. This differs from the situation in *Werner*, which is relied upon by the majority opinion. *See State v. Champagne*, 422 N.W.2d 840, 844–46 (S.D.1988) (Sabers, J., dissenting) regarding knowledge and intent. Unlike the situation in *Champagne*, knowledge or intent was a material issue in this case.

I agree with Justice Henderson's writing on the third-party perpetrator rule. In my view, no one can seriously argue that McDonald's defense that she did not know the packet contained cocaine is somehow prohibited by the third-party perpetrator rule. If *Luna* supports that claim or argument, it should be overruled. One accused of a crime in South Dakota should be allowed her day in court and permitted to ask the jury to hear her story and decide her guilt or innocence. Her hands should not be tied behind her back.

In retrospect, it seems ironic that an accused in South Dakota should be forced to fight for their life to defend themselves against all other "uncharged" acts and, at the same time, be prevented from showing that they did not commit the crime "charged" because someone else did. We should strive to maintain a more even playing field in the future.